**Ex parte Jimmy Joe WILLIAMS, Jr., Applicant.**

**No. 73,845.**

Court of Criminal Appeals of Texas, En Banc.

April 11, 2001.

Rehearing Denied Oct. 3, 2001.

Jimmy Joe Williams, pro se.

Catherine G. Zilahy, Asst. Dist. Atty., Dallas, for State.

## OPINION

KEASLER, J., delivered the opinion of the Court, in which MEYERS, PRICE, HOLLAND, and HERVEY, J.J., joined.

When Jimmy Joe Williams was convicted of aggravated assault, the trial judge suspended imposition of sentence and placed him on ten years' probation, despite his ineligibility for probation. The trial

---

judge later revoked Williams's probation and sentenced him to ten years in prison. Can Williams successfully complain about the unlawful grant of probation in a habeas corpus application? We conclude that he cannot.

## I. Factual and Legal Background

The trial judge entered a deadly weapon finding in the judgment suspending Williams's sentence and placing him on community supervision (probation). This finding rendered Williams ineligible for probation.[1] The trial judge later revoked Williams's probation.

■ Williams filed this post-conviction application for a writ of habeas corpus under Art. 11.07. To present a cognizable claim, he must show a jurisdictional defect in the convicting court or the denial of a fundamental or constitutional right.[2] He argues that the illegal probation order rendered his sentence illegal and, under *Heath v. State*,[3] he is entitled to habeas relief. We filed and set this case to reexamine *Heath*.

## II. Analysis
### A.

In *Heath*, the defendant was granted probation despite the fact that he was statutorily ineligible.[4] Later, the trial court revoked his probation and sentenced him to eight years in prison.[5] On appeal, he argued that the order granting proba-

tion and the sentence imposed after revocation were both "void."[6] He had not raised either argument in the trial court. We stated that "a defect which renders a sentence void may be raised at any time" so the defendant was "not barred from complaining of the void sentence" for the first time on appeal.[7] On rehearing, the State argued that the defendant was estopped from complaining about his illegally-granted probation because he agreed to it in a plea bargain.[8] We disagreed and denied the motion for rehearing.[9]

Heath raised two distinct claims. He complained about the order granting him probation, and he complained about the sentence imposed upon revocation. We incorrectly addressed both claims as though they were one. In doing so, we extended a rule regarding sentences to a defendant's claim regarding a probation order. But illegal sentences and unauthorized probation orders are two different things.

In *Speth v. State*,[10] we explained that "community supervision is not a sentence or even a part of a sentence."[11] Because of this, the illegal granting of community supervision should not be governed by a rule which applies to illegal sentences. Williams fails to show any entitlement to relief under *Heath* because the trial court's unauthorized probation order did not constitute an illegal sentence.

1. *See* TEX.CODE CRIM. PROC. Art. 42.12, § 3g.

2. *Ex parte Lockett*, 956 S.W.2d 41, 42 (Tex. Crim.App.1997).

3. 817 S.W.2d 335 (Tex.Crim.App.1991).

4. *Id.* at 336.

5. *Ibid.*

6. *Ibid.*

7. *Ibid.*

8. *Id.* at 338 (op. on reh'g) (plurality op.).

9. *Id.* at 340.

10. 6 S.W.3d 530 (Tex.Crim.App.1999), *cert. denied*, 529 U.S. 1088, 120 S.Ct. 1720, 146 L.Ed.2d 642 (2000).

11. *Id.* at 532.

### B.

We still must consider whether the unlawful grant of probation entitles Williams to habeas relief. We conclude that it does not. To prevail in habeas, an applicant must show harm.[12] That is, he must prove by a preponderance of the evidence that the error contributed to his conviction or punishment.[13] Williams alleges that, had he known that the offense was one which is not eligible for probation, he "may not have plead [guilty] at all." This speculative assertion is insufficient to establish by a preponderance of the evidence that the illegal grant of probation contributed to the voluntariness of Williams's plea. Indeed, since he received probation anyway, eligible or not, it is hard to imagine how the illegality of that probation affected the voluntariness of his plea. In any event, it certainly did not contribute to his conviction or punishment. Rather, it did just the opposite—detracted from his punishment by allowing him a suspended sentence when he was not entitled to one. Williams fails to show that he was harmed by the illegal grant of probation.

### III. Conclusion

We conclude that the *Heath* court erred to extend a doctrine of law regarding sentences to facts involving a probation order. We specifically disavow *Heath's* conclusion that an unlawful grant of probation constitutes an illegal or void sentence. In addition, we conclude that Williams fails to show any entitlement to habeas relief because he fails to prove that he was harmed by the unlawful grant of probation.

**12.** *Ex parte Tovar*, 901 S.W.2d 484, 486 (Tex. Crim.App.1995).

**13.** *Ex parte Fierro*, 934 S.W.2d 370, 375 (Tex. Crim.App.1996).

**1.** 3 S.W.3d 522 (Tex.Crim.App.1999), *cert. denied*, 529 U.S. 1102, 120 S.Ct. 1840, 146 L.Ed.2d 782 (2000).

### IV. Judgment

Relief is denied.

KELLER, P.J., filed a concurring opinion in which HOLCOMB, J. joined.

Applicant received probation as part of a plea agreement. He challenged the validity of the plea agreement only after his probation was revoked for violating its terms. I would hold that he is estopped from doing so.

We most recently articulated the doctrine of estoppel in *Prystash v. State*.[1] In that case, upon the defendant's request, the trial court did not submit the anti-parties special issue to the jury at the punishment phase of trial.[2] On appeal, the defendant contended that an answer to the issue was required, under the facts of the case, to authorize a death sentence.[3] We held that, because the defendant requested the deletion of the issue from the jury charge, he was estopped from complaining about its absence on appeal.[4] We explained that estoppel was distinct from waiver and "is part of the definition of what can constitute error, and quite reasonably defines error of which a party may complain as excluding those actions of the trial court actually sought by the party to the tribunal."[5]

The question is whether an error capable of rendering a judgment or sentence void can be subject to estoppel. Subject matter jurisdiction is immune to estoppel

**2.** *Id.* at 532.

**3.** *Id.* at 530.

**4.** *Id.* at 531.

**5.** *Id.*

considerations,[6] but there are several other types of errors that render a judgment or sentence "void," based on lack of jurisdiction[7] or authority,[8] and the Texas Supreme Court has recognized that at least one of these types of errors, lack of personal jurisdiction, can be obviated by consent or waiver.[9] Given the dearth of Texas caselaw on the relationship between estoppel and these kinds of errors, I look to other jurisdictions for guidance. After reviewing both Texas and out-of-state cases, I conclude that lack of subject matter jurisdiction is the *only* error that is not subject to estoppel.

California has recognized a difference between subject matter jurisdiction and "excess of jurisdiction," holding that the latter is subject to the rule of estoppel: "When, as here, the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction."[10] In an earlier decision, the California Supreme Court expressly had held that *only* subject matter jurisdiction was immune from estoppel considerations: "It has been said that 'Jurisdiction of the subject matter cannot be conferred by estoppel, but one who invokes or consents to a court's juris-

diction is estopped to question it *on any other ground other than that the court lacks jurisdiction of the subject matter.*"[11] In *Griffin*, the California Supreme Court cited its earlier precedent with approval and applied the doctrine of estoppel in a probation revocation situation.[12] Under the law in California at the time, a revocation of probation had to occur within the probationary term, but the defendant asked for, and received, a continuance of the revocation hearing to a time that was after the expiration of his probationary term.[13] The Court held that the defendant was estopped from challenging the trial court's continuing jurisdiction to revoke.[14] Recently recognizing the continuing viability of *Griffin*, the California court observed: "The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process."[15]

In *Commonwealth v. Griffin*, the Kentucky Supreme Court addressed a similar issue.[16] The Commonwealth filed a motion to revoke the defendant's five-year probation on the ground that he had failed to make restitution payments.[17] The defendant asked the trial court to extend his probation by five years instead of revoking

**6.** *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex.2000).

**7.** *American General Fire and Cas. Co. v. Vandewater*, 907 S.W.2d 491, 492 (Tex.1995).

**8.** *Davis v. State*, 956 S.W.2d 555, 559 (Tex. Crim.App.1997).

**9.** *Drake v. Trinity Universal Ins. Co.*, 600 S.W.2d 768, 772 (Tex.1980).

**10.** *In re Griffin*, 67 Cal.2d 343, 62 Cal.Rptr. 1, 431 P.2d 625, 628 (1967).

**11.** *City of Los Angeles v. Cole*, 28 Cal.2d 509, 170 P.2d 928, 932 (1946), *overruled on other*

grounds, *County of Los Angeles v. Faus*, 48 Cal.2d 672, 312 P.2d 680 (1957).

**12.** *Griffin*, 62 Cal.Rptr. 1, 431 P.2d at 628–629 (citing *Cole* ).

**13.** *Id.* at 629.

**14.** *Id.*

**15.** *People v. Hester*, 22 Cal.4th 290, 92 Cal. Rptr.2d 641, 992 P.2d 569, 572 (citing *Griffin*, among other cases).

**16.** 942 S.W.2d 289 (Ky.1997),

**17.** *Id.* at 290.

probation and incarcerating him.[18] The trial court agreed, but the defendant again violated his probation, and this time, the trial court revoked.[19] On appeal, the defendant argued that the trial court lacked jurisdiction to revoke because it had no authority to extend his probation to a period longer than five years total; since appellant was already on probation for five years, a five year extension would be invalid.[20] The Kentucky court held that the defendant was precluded, by the doctrine of estoppel, from attacking the trial court's jurisdiction to revoke his probation.[21] The court observed that the defendant's attack challenged jurisdiction over the particular case but was not a challenge to subject matter jurisdiction, which the court acknowledged would not be subject to estoppel.[22]

The Iowa Supreme Court has distinguished subject matter jurisdiction from authority.[23] In *State v. Mandicino*, the court held that (1) a trial court's lack of authority to extend the term of a defendant's probation did not constitute a lack subject matter jurisdiction, and (2) this lack of authority was waived by the defendant's conduct expressly seeking the extension of his probation.[24]

The present case involves a trial judge's lack of authority to grant probation. This lack of authority is not a subject matter jurisdiction defect; the trial court had subject matter jurisdiction to hear and decide

the class of criminal cases into which appellant's case falls.[25] By accepting the plea agreement, appellant gained a bargained-for benefit that should now estop him from challenging the trial court's authority. If appellant had challenged the plea agreement on direct appeal from the original plea, he could have perhaps reasonably argued that he was not estopped because he had not yet accepted the benefits of probation. At this point in time, however, it is clear that appellant did accept the benefits of probation and he should be estopped from challenging the trial court's authority on this matter.

For these reasons, I concur in the Court's judgment.

JOHNSON, J., concurring.

We have recently visited and revisited the issue of improperly-granted terms of community supervision in a variety of circumstances. In *Ex parte Busby*, 67 S.W.3d 171, 173 (Tex.Crim.App.2001), the specific issue was a properly-requested shock probation improperly granted after the trial court's authority to grant it had expired. *Busby* discussed *Stasey v. State*, 683 S.W.2d 705 (Tex.Crim.App.1985), in which the specific issue was a proper, but irregular, request for shock probation which was improperly granted before the trial court acquired authority. *Busby*, at 173. Here the specific issue is the grant of community supervision when the trial

---

**18.** *Id.*

**19.** *Id.*

**20.** *Id.*

**21.** *Id.* at 291–292.

**22.** *Id.*

**23.** *State v. Mandicino*, 509 N.W.2d 481, 482 (Iowa 1993); *see also State v. Yodprasit*, 564 N.W.2d 383, 385–386 (Iowa 1997).

**24.** *Yodprasit*, 564 N.W.2d at 386 (citing *Mandicino*, 509 N.W.2d at 482).

**25.** And in fact, the trial court would have had authority if it had simply declined to enter a deadly weapon finding.

court did not have, and would never have, authority to grant it.

In *Busby*, the applicant properly filed a motion for shock probation, between the sixtieth day after the date of sentencing and the 180th day. The trial court did not act on the motion until over eight months after the date of sentencing. *Id.* at 171. The trial court undeniably had the authority to grant shock probation within the designated time period; its failure to act on the motion in a timely way could not be attributed to the applicant, who had made a timely and proper request. *Id.* at 173.

In *Stasey*, the defendant filed a motion for shock probation early, at the 43rd day, but specifically requested in that motion that the trial court not act until its authority accrued after the sixtieth day. Again, the trial court undeniably had the authority to grant shock probation within the designated time period, but it acted before its authority accrued, granting shock probation on the 57th day. *Stasey*, 683 S.W.2d at 706. Again, the trial court's failure to act on the motion in a timely way could not be attributed to the defendant, who had made a timely and proper request. *Id.* at 708.

The circumstances in the instant case are easily distinguishable from *Busby* and *Stasey*. Here, the trial court was statutorily barred from granting community supervision at all, with or without timely request from appellant. Tex.Code Crim. Proc. art. 42.12, § 3(g). The timing of an otherwise-authorized grant of community supervision is not the issue; except by grant of a jury, community supervision is absolutely barred for applicant's offense in this case. Although I dissented in *Ex parte Seidel*, 39 S.W.3d 221, 228–29 (Tex. Crim.App.2001) (Johnson, J., dissenting), because I do not believe that, based on the facts presented in that case, the order in that case was void, an argument can be made that the order granting community supervision in this case is void. If not void, the grant is at least voidable, but applicant did not complain of the improper action by the trial court and should not now be heard to complain.

I join the majority except as to Part II B and concur in the judgment.

WOMACK, J., filed a concurring opinion.

I join the judgment and Part II.B. of the opinion of the Court. I write only to point out the conflict between today's opinion and two opinions the Court recently issued.

First I must point out the full nature of the trial court's error in suspending Williams's sentence. The trial court's affirmative finding of the use of a deadly weapon not only "rendered Williams ineligible for probation," as the Court says *ante* at 657, but also left the trial court without authority to suspend the sentence.

Texas courts do not have inherent power to grant probation.[1] In 1931 a statute gave the courts authority, without the verdict of a jury, to suspend a sentence that was not more than five years in felony cases other than murder, perjury, burglary of a private residence at night, robbery, arson, incest, bigamy, seduction, or abortion.[2] The constitutionality of the 1931 act

---

**1.** *Lee v. State*, 516 S.W.2d 151 (Tex.Cr.App. 1974).

**2.** *See* Act of April 9, 1931, 42nd Leg., R.S., ch. 43, § 4, 1931 Tex. Gen. Laws 65, 66.

was never addressed.[3]

In order to remove any doubt about whether the 1931 act intruded on the governor's power to pardon, the executive article of the Texas Constitution, Article IV, was amended by the addition of section 11A in 1935:

> The Courts of the State of Texas having original jurisdiction of criminal actions shall have the power, after conviction, to suspend the imposition or execution of sentence and to place the defendant upon probation and to reimpose such sentence, under such conditions as the Legislature may prescribe.

This section has been called "a limited grant of clemency to the courts by the people."[4] It was not self-enacting, and required enabling legislation.[5]

The only statute that authorizes a court to suspend a sentence without the recommendation of a jury (in a case that is not a state-jail felony) is article 42.12, section 3, of the Code of Criminal Procedure. The next section of the article takes away a trial court's authority to suspend a sentence under section 3 when the court makes an affirmative finding of the use of a deadly weapon.

> The provisions of Section 3 of this article do not apply ... to a defendant when it is shown that a deadly weapon as defined in Section 1.07, Penal Code, was used or exhibited during the commission of a felony offense or during immediate flight therefrom, and that the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited. On an affirmative finding under this subdivision, the trial court shall enter the finding in the judgment of the court. On an affirmative finding that the deadly weapon was a firearm, the court shall enter that finding in its judgment.[6]

Therefore the trial court lacked authority to grant probation in this case.

Why does the Court not give the applicant relief? It says the applicant "fails to show any entitlement to relief under *Heath* because the trial court's unauthorized probation order did not constitute an illegal sentence."[7] This follows the reasoning of the Court in *Speth v. State*,[8] which the Court cites today (*ante* at 658). I continue to believe that is not satisfactory to take a definition of "sentence" from one statute and apply it to a case that does not involve that statute.[9] But the Court ignores the fact that, even if a probation order is not a "sentence," a void probation order may be attacked by habeas corpus. The Court said so last month.[10]

The Court's denial of relief because of the distinction between "illegal" and "unauthorized" also fails to take into account its recent holding in *Ex parte Seidel.*[11]

---

3. One judge later was of the view that, except for the Adult Probation and Parole Law, the courts had no authority to suspend sentence without the verdict of a jury. *See Ex parte Pittman*, 157 Tex.Crim. 301, 306, 248 S.W.2d 159, 162 (1952) (opinion of Davidson, P.J.).

4. *State ex rel. Smith v. Blackwell*, 500 S.W.2d 97, 101 (Tex.Cr.App.1973).

5. *State v. Klein*, 154 Tex.Crim. 31, 154 Tex. Crim. 31, 224 S.W.2d 250 (1949).

6. Tex.Code Crim. Proc. art. 42.12, § 3g.

7. *Ante* at 675.

8. 6 S.W.3d 530 (Tex.Cr.App.1999).

9. *See Speth*, 6 S.W.3d at 535 (Womack, J., concurring).

10. *See Ex parte Busby*, No. 73,797, 67 S.W.3d 171 (Tex.Cr.App.2001).

11. 39 S.W.3d 221 (Tex.Cr.App.2001).

There the district court dismissed a prosecution "with prejudice," which was beyond the scope of its proper authority. This Court held that part of the judgment was void and could be collaterally attacked by the State:

Lack of *authority* to act in a particular manner may render the judgment either void or voidable depending on the type of the error, however. Unauthorized acts (or errors) can be characterized as either "illegal" or "irregular." *See Davis v. State*, 956 S.W.2d 555, 559 (Tex. Crim.App.1991) …. "Illegal acts" are defined as "acts that are not authorized by law." Black's Law Dictionary 598 (7th ed.2000). On the other hand, "irregular acts" are defined as "acts or practices that vary from the normal conduct of an action." Black's Law Dictionary 669 (7th ed.2000); *see also Ex parte Shields*, 550 S.W.2d 670, 675 (Tex.Crim.App. 1976) (stating that an irregularity is the "want of adherence to some prescribed rule or mode of proceeding"). While a judgment is merely "voidable for irregularity," it is "void for illegality."

Support for the distinction between the two types of unauthorized acts is found in *Davis*. In *Davis*, this Court recognized that "judicial functions performed by one without any authority to act" may be void. We noted that a conviction was void if the trial judge was constitutionally or statutorily disqualified to preside over the proceedings. We further stated that "errors involving the violation of statutory procedure have not been deemed void, but voidable." In sum, this Court recognized in *Davis* that errors involving statutory procedure are merely voidable. But it also acknowledged that other non-jurisdictional errors can render a judgment void. [Footnote 3:] For example, this Court has long held that a sentence is void when the punishment is unauthorized. A punishment exceeding the statutory maximum is not outside the jurisdictional parameters of a trial court. Nevertheless, such a punishment renders the judgment void because it is illegal[,] *i.e., unauthorized by law.* [End footnote 3.]

In this case, the trial judge's dismissal "with prejudice" was more than a variance from the normal conduct; that action was outside the parameters of any rule or procedure in place at that time. We conclude that the trial judge's action was more than a mere violation of statutory procedure. The trial judge's action was not authorized by law and was, therefore, void. *Cf. State ex rel. Eidson v. Edwards*, 793 S.W.2d 1, 5 (Tex.Crim. App.1990) (stating that "[a] trial court judge is without legal authority to remove a District Attorney from a case and, as such, any order attempting to do so is void."); *State ex rel Vance v. Clawson*, 465 S.W.2d 164, 168 (Tex.Crim.App. 1971) (holding that because the trial court did not have authority to grant a defendant time credit, that part of the order attempting to grant the time credit was void.).

"A void judgment is a nullity from the beginning, and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." Since the trial court's dismissal "with prejudice" was void, it may be attacked either by direct appeal or collateral attack. Therefore, in the instant case, the State was not required to appeal from the district court's dismissal "with prejudice" in order to bring a subsequent prosecution against appellee.[12]

---

**12.** *Speth,* 6 S.W.3d at 535–36 (citations omitted).

The trial court acted without authority to suspend this applicant's sentence. Why was that order not void under *Seidel?*

The Court's second reason for denying relief to the applicant is:

> Indeed, since he received probation anyway, eligible or not, it is hard to imagine how the illegality of that probation affected the voluntariness of his plea. In any event, it certainly did not contribute to his conviction or punishment. Rather, it did just the opposite—detracted from his punishment by allowing him a suspended sentence when he was not entitled to one. Williams fails to show that he was harmed by the illegal grant of probation.

This is a good argument. Unfortunately the Court just rejected it in *Ex parte Busby.*[13]

The trial court granted shock probation to Busby when its period of jurisdiction had expired. After Busby violated the conditions of his probation, he asked this Court to give him credit against his sentence for the time he had enjoyed the probation. Although I thought his argument was laughable for the same reasons the Court gives today,[14] a majority of my brethren accepted it, saying he "should not be penalized" for asking for probation.[15] Today the Court refuses relief to the applicant without mention of *Busby.*

Are *Seidel* and *Busby* different from this case? If so, how? If not, are they disavowed as *Heath* is?

---

**13.** No. 73,797, 67 S.W.3d 171 (Tex.Cr.App. 2001).

**14.** *See Busby,* 67 S.W.3d at 171 (Womack, J., dissenting).

