The STATE of Texas, Appellant,

v.

Ricardo ENRIQUEZ, Jr., Appellee.

No. 08–00–00334–CR.

Court of Appeals of Texas,
El Paso.

May 10, 2001.

Jaime E. Esparza, Dist. Atty., El Paso, John L.Davis, Asst. Dist. Atty., El Paso, for the State.

G. Daniel Mena, El Paso, for Appellee.

Before BARAJAS, C.J., LARSEN, and CHEW, JJ.

## OPINION

LARSEN, Justice.

The State appeals a judgment wherein the trial court assessed punishment at ten years' confinement, probated for ten years in the face of a deadly weapon finding. The State contends that the trial court was without authority to place Enriquez on probation, thus rendering the punishment portion of the judgment void. Finding that the sentence was not void, and that the State raises its objection for the first time on appeal, we affirm.

## FACTS

Appellee, Ricardo Enriquez, Jr., was indicted for the offense of aggravated assault with a deadly weapon. The indictment alleged that Enriquez used or exhibited a deadly weapon, a knife, during the commission of the felony offense. A jury convicted Enriquez of the offense as set out in the indictment and made an affirmative finding on the use of the deadly weapon.

Because Enriquez filed an election of sentencing by the court, the jury was excused before the court proceeded with the punishment phase of trial. After the close of punishment evidence,[1] the State argued

1. Enriquez presented witness testimony that    he had never been convicted of a felony in

for assessment of punishment of confinement or, in the alternative, a maximum term of probation for ten years. Enriquez argued for a minimum term of probation. After hearing the punishment evidence and closing arguments, the trial court stated it would follow the State's recommendation and assessed punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice, probated for ten years' community supervision. The judgment specifically contains the affirmative deadly weapon finding.

## UNAUTHORIZED PROBATION ORDER NOT ILLEGAL SENTENCE

■ The State raises a single point of error challenging the trial court's assessment of punishment placing Enriquez on community supervision. Specifically, the State contends that under Article 42.12, section 3g(a)(2) of the Texas Code of Criminal Procedure, the trial court was not authorized to grant community supervision to Enriquez, who was found by a jury to have used a deadly weapon during the commission of a felony offense, and where the affirmative deadly weapon finding is entered in the judgment.[2] Therefore, because the punishment is not authorized, the sentence is void. We disagree.

A judge may not sentence a defendant to community supervision where the defendant used or exhibited a deadly weapon during the commission of a felony offense.[3] The Code of Criminal Procedure also provides that upon such an affirmative finding, the trial court shall enter the finding in its judgment.[4] Here, the indictment alleged appellant used and exhibited a deadly weapon. The jury found appellant guilty "as charged in the indictment." The trial court, therefore, was bound to enter an affirmative finding in the judgment and was not authorized to grant probation at the punishment stage.[5]

■ Generally, when a punishment is not authorized by law, the sentence imposing that punishment is void.[6] A punishment unauthorized by law refers to punishments assessed that, on their face, were not within the realm of punishments applicable to the particular offense.[7] The Texas Court of Criminal Appeals has recently held, however, that an unauthorized probation order does not constitute an illegal sentence.[8] In Ex parte Williams, the Court reiterated its position in Speth v. State, that "community supervision is not a sentence or even a part of a sentence."[9] Thus, the illegal granting of community supervision is not governed by a rule

---

this state or any other state.

2. See Tex.Code Crim. Procs. Ann. art. 42.12, § 3g(a)(2) (Vernon Supp.2001).

3. See id.

4. See id.

5. See State v. Recer, 815 S.W.2d 730, 731 (Tex.Crim.App.1991); Brooks v. State, 900 S.W.2d 468, 474–75 (Tex.App.—Texarkana 1995, no pet.); Texs.Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (Vernon Supp.2001).

6. See Levy v. State, 818 S.W.2d 801, 802 (Tex.Crim.App.1991); Heath v. State, 817 S.W.2d 335, 336 (Tex.Crim.App.1991) (opinion on

orig. submission); id. at 339 (opinion on reh'g).

7. See Heath, 817 S.W.2d at 339; see also id. at 341 (Miller, J. dissenting).

8. Ex parte Williams, No. 73, 845, —— S.W.3d ——, ——, 2001 WL 356290, at *1 (Tex.Crim. App. April 11, 2001) (not yet published) (en banc).

9. Id. (citing Speth v. State, 6 S.W.3d 530, 532 (Tex.Crim.App.1999), cert. denied, 529 U.S. 1088, 120 S.Ct. 1720, 146 L.Ed.2d 642 (2000)).

which applies to illegal sentences.[10] In *Williams*, the Court concluded that the defendant was not entitled to relief from a sentence which included an unauthorized grant of probation which was later revoked, nor was he entitled to habeas relief because he failed to show harm.[11] In reaching its decision, the Court expressly disavowed its earlier conclusion that an unlawful grant of probation constitutes an illegal or void sentence.[12]

We therefore conclude that in the present case, the probation order does not constitute an illegal or void sentence, and the State cannot complain for the first time on appeal that the probation order was unauthorized. Accordingly, we overrule the State's point of error.

## CONCLUSION

We affirm the trial court judgment.