COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-042-CR
 
KENDRION LAMONT WILEY                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                                   
STATE
------------
FROM THE 371ST DISTRICT
COURT OF TARRANT COUNTY
------------
OPINION
------------
I. Introduction
       
Appellant Kendrion Lamont Wiley appeals his conviction for possession of a
firearm by a felon. A jury found Wiley guilty and assessed his punishment at ten
years' imprisonment. In a single point, he contends that the trial court erred
by allowing the State to use a void prior conviction to upgrade his case from a
misdemeanor to a felony. We will affirm.
II. Factual and
Procedural Background
       
The facts underlying Wiley's conviction for possession of a firearm are not in
dispute. Between approximately 10:30 p.m. and 11 p.m. on November 30, 2000,
Officer Brad Mitchell of the Grapevine Police Department saw a black Ford
Contour, which Wiley was driving, traveling ten to fifteen miles per hour in a
forty-five mile-per-hour zone. Officer Mitchell noticed that Wiley failed to
maintain a single marked lane on two separate occasions, engaged in excessive
braking, and changed lanes without signaling, almost causing an accident.
Officer Mitchell stopped Wiley, determined that Wiley was the only occupant in
the vehicle, and saw a handgun on the driver's-side floorboard. An investigation
revealed that Wiley did not have a concealed handgun license, so Officer
Mitchell placed him under arrest for unlawfully carrying a weapon.
In
contrast to the above facts, the procedural history of the issue presented in
this appeal is somewhat complex. On September 1, 1995, Wiley committed the
offense of sexual assault of a child. On that same date, the Legislature passed
legislation making sexual assault of a child a "3g offense." Act of
May 28, 1995, 74th Leg., R.S., ch. 318, § 52(a)(1)(G), 1995 Tex.
Gen. Laws 2749 (amended 2001) (current version at Tex. Code Crim. Proc. Ann.
art. 42.12 § 3g(a)(1)(H) (Vernon Supp. 2003)). Consequently, a person convicted
of that offense could not receive court-ordered community supervision. Tex. Code
Crim. Proc. Ann. art. 42.12 § 3g(a)(1)(H) (Vernon Supp. 2003). In spite of this
legislation, Wiley received five years' community supervision as punishment for
his conviction of the felony offense of sexual assault of a child. The State
later filed a motion to revoke Wiley's community supervision, which the trial
court granted.
Almost
two years later, Officer Mitchell arrested Wiley for unlawful possession of a
firearm after determining that he did not have a concealed handgun license. The
indictment charged Wiley with the offense of possessing a firearm while a felon
due to his prior felony conviction for sexual assault of a child. In addition,
the indictment contained an enhancement paragraph alleging a prior final felony
conviction for the offense of unauthorized use of a motor vehicle. Ultimately,
the jury found Wiley guilty of possession of a firearm by a felon, and the trial
court sentenced him to ten years' imprisonment.
III. The Holding in
Ex parte Williams Governs This Case
Wiley
claims that the trial court erred by allowing the State's jurisdictional use of
a void prior conviction to upgrade the instant offense from a misdemeanor to a
felony. He contends that his prior felony conviction for sexual assault of a
child is void because it illegally granted him community supervision. Wiley
recognizes that, in Ex parte Williams, the court of criminal appeals
specifically disavowed the premise that an unlawful grant of probation
constitutes an illegal or void sentence, but he argues that this conclusion is
inconsistent with prior decisions from the court of criminal appeals. 65 S.W.3d
656 (Tex. Crim. App. 2001). The State responds to Wiley's argument:

 Appellant might be right; Judge
 Womack agrees with him. Williams, 65 S.W.3d at 662 (Womack, J.,
 concurring). (The State takes no position on the matter at this time.) But it
 is not within the scope of the Court of Appeals' powers to override a decision
 of the Court of Criminal Appeals because it conflicts with other decisions of
 that Court. It is axiomatic that a Court of Appeals has no power to
 "overrule or circumvent [the] decisions, or disobey [the] mandates,"
 of the Court of Criminal Appeals. State ex rel. Vance v. Clawson, 465
 S.W.2d 164, 168 (Tex. Crim. App. 1971), cert. denied, 404 U.S. 910,
 92 S. Ct. 226 (1971).

       
We agree with Wiley that the court of criminal appeals' holding in Williams
seems inconsistent with its prior holding in Ex parte Seidel, 39 S.W.3d
221 (Tex. Crim. App. 2001). In Seidel, the trial court dismissed the
State's case against Seidel "with prejudice." Id. at 222.
Because no statutory or constitutional provision existed vesting the trial court
with authority to dismiss a case with prejudice, the prosecutor did not consent
to a dismissal with prejudice, and the trial court possessed no inherent power
to dismiss the prosecution with prejudice, the court of criminal appeals held
that the portion of the judgment dismissing the case with prejudice was
"void" and subject to direct or collateral attack by the State at any
time. Id. at 224.
       
In Williams, the trial court placed the defendant on community
supervision even though he was statutorily ineligible for it due to a deadly
weapon finding in the judgment. Williams, 65 S.W.3d at 656-58. The
court of criminal appeals, in deciding Williams approximately seven
months after Seidel, held that although no statutory or constitutional
provision exists vesting the trial court with authority to place Williams on
probation, the prosecutor did not consent to probation, and the trial court
possesses no inherent power to place Williams on probation, nonetheless, the
order or portion of the judgment placing Williams on probation was not
"void" because "illegal sentences and unauthorized probation
orders are two different things." Williams, 65 S.W.3d at 657-58; see
also Williams, 65 S.W.3d at 661-64 (Womack, J., concurring)
(questioning why Williams's probation order was not void under Seidel).
The court explained that "community supervision is not a sentence or even a
part of a sentence" and concluded that the illegal granting of community
supervision should not be governed by a rule which applies to illegal sentences.
Williams, 65 S.W.3d at 657 (citing Speth v. State, 6 S.W.3d
530, 532 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1088 (2000)).
       
While we agree with Wiley that the distinction between the void portion of the
judgment in Seidel and the not void order in Williams seems
incongruent, we also agree with the State that as an intermediate appellate
court we are bound to follow the pronouncements of the court of criminal
appeals. See Taulung v. State, 979 S.W.2d 854, 857 (Tex.
App.--Waco 1998, no pet.). The court of criminal appeals has unequivocally held
that a trial court's order granting probation, even to a statutorily ineligible
defendant, is not a "sentence" and therefore cannot be an illegal or
void sentence. Williams, 65 S.W.3d at 657-58; see also State
v. Enriquez, 47 S.W.3d 177, 179 (Tex. App.--El Paso 2001, no pet.)
(following Williams to hold that, because probation is not illegal or
void sentence, State cannot complain for first time on appeal that probation was
unauthorized); State v. Ramirez, 62 S.W.3d 356, 358 (Tex. App.--Corpus
Christi 2001, no pet.) (following Williams to hold that, because
probation is not illegal or void sentence, appellate court lacked jurisdiction
to hear State's appeal of shock probation order). Applying Williams, as
we must, it is clear that the probation order entered in Wiley's prior felony
case for sexual assault of a child did not constitute a void or illegal
sentence. See Williams, 65 S.W.3d at 657-58. Accordingly, Wiley's
conviction in that case is not void. We hold that the court did not err by
permitting the State to use Wiley's prior conviction for sexual assault of a
child to upgrade the instant offense to a felony. We overrule Wiley's point.
IV. Conclusion
       
Having overruled Wiley's sole point, we affirm the trial court's judgment.
 
                                                       
   SUE WALKER
                                                       
   JUSTICE
 
PANEL F: DAY, LIVINGSTON, and
WALKER, JJ.
PUBLISH
DELIVERED: June 5, 2003