11th Court of Appeals
Eastland, Texas
Opinion
 
Marsha Denise Flye
            Appellant
Vs.                  No. 11-01-00310-CR -- Appeal from Jones County
State of Texas
            Appellee
 
            The jury convicted Marsha Denise Flye of the offense of aggravated assault with a deadly
weapon. The trial court originally assessed punishment at confinement for eight years but suspended
the imposition of the sentence and placed appellant on community supervision for eight years. From
this original judgment, appellant timely filed a notice of appeal. However, the trial court
subsequently determined that it had no authority to grant community supervision, ordered a new trial
as to punishment only, and entered a second judgment in this case. In the second judgment,
punishment was assessed at confinement for five years. We affirm the trial court’s original judgment
and set aside the subsequent judgment. 
            In her sole point of error, appellant contends that she received ineffective assistance of
counsel at trial because trial counsel failed to inform her that only a jury, and not the trial court,
could grant community supervision in this case. In order to determine whether appellant’s trial
counsel rendered ineffective assistance at trial, we must first determine whether appellant has shown
that counsel’s representation fell below an objective standard of reasonableness and, if so, then
determine whether there is a reasonable probability that the result would have been different but for
counsel’s errors. Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d
770 (Tex.Cr.App.1999); Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App.1986). 
            In order to address this issue, we must first address the problematic procedural posture of this
case. The trial court entered the original judgment on September 10, 2001. In the September 10
judgment, the trial court granted community supervision even though the trial court was not
authorized, pursuant to TEX. CODE CRIM. PRO. ANN. art. 42.12, § 3g(a)(2) (Vernon Supp. 2003),
to place appellant on community supervision. Appellant filed a notice of appeal on September 20. 
Subsequently, on October 16, 2001, the trial court discovered its mistake and, on its own motion,
entered an order granting a new trial as to punishment only. However, the trial court had no
jurisdiction to enter its October 16 order for new trial. In a criminal case, a trial court has no
authority to grant a new trial on its own motion. Dugard v. State, 688 S.W.2d 524, 527
(Tex.Cr.App.1985), overruled on other grounds by Williams v. State, 780 S.W.2d 802, 803
(Tex.Cr.App.1989); Zaragosa v. State, 588 S.W.2d 322 (Tex.Cr.App.1979). Furthermore, a trial
court has no authority to grant a new trial as to punishment only. See TEX. CODE CRIM. PRO.
ANN. art. 44.29(b) (Vernon Pamph. Supp. 2003); State v. Bates, 889 S.W.2d 306, 310-11
(Tex.Cr.App.1994). Moreover, no motion for new trial or other motion extending the trial court’s
plenary power was filed in this case. The order for new trial was entered 36 days after the original
judgment. Thus, at the time of the order, the trial court had lost plenary power over this case. 
Because the trial court had no authority to enter the second judgment, that judgment is null and void. 
            The original judgment and sentence, however, are not void even though the trial court had
no authority to place appellant on community supervision. The Texas Court of Criminal Appeals
addressed this issue in Ex parte Williams, 65 S.W.3d 656, 657 (Tex.Cr.App.2001), and concluded
that, because community supervision is not “a sentence” or even a part of “a sentence,” the unlawful
grant of community supervision does not constitute an illegal or void “sentence.” See Speth v. State,
6 S.W.3d 530 (Tex.Cr.App.1999), cert. den’d, 529 U.S. 1088 (2000). Thus, the original judgment
placing appellant on community supervision is valid. Consequently, we will address appellant’s
point of error with respect to the original judgment. 
            Appellant contends in her point of error that trial counsel was ineffective for failing to inform
her that the trial court could not grant community supervision for the offense she committed and that
she could receive community supervision only if the jury assessed punishment. Because the trial
court did place appellant on community supervision and because that judgment and sentence are
valid, we cannot find that trial counsel was ineffective in this case. Appellant appears to have
benefitted from the error, if any, in this case. See Ex parte Williams, supra at 658. Appellant has
not shown that, but for counsel’s errors, the result of the proceedings would have been different.
            The trial court’s judgment dated September 10, 2001, is affirmed. The trial court’s judgment
dated November 13, 2001, is set aside as void. 
 
                                                                                                JIM R. WRIGHT 
                                                                                                JUSTICE 
 
December 4, 2003
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.