NO. 07-03-0469-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 16, 2004

_____

BEATRICE LEIJA LUNA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. 14088-0106; HONORABLE ED SELF, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**

This is an appeal from a community supervision revocation. With one point of error, appellant Beatrice Leija Luna contends the order placing her on community supervision was void, thus rendering the subsequent order revoking that community supervision a nullity. We affirm.

At the time of her conviction in November of 2001, appellant had three prior felony convictions. Notwithstanding those convictions, the trial court, following the terms of the plea bargain, suspended the imposition of a two year sentence and placed appellant on community supervision for two years. At a hearing in October of 2003 on the State's subsequent motion to revoke, appellant acknowledged that she had violated several of the terms of her community supervision. Nevertheless, on the strength of her witnesses' testimony that she had changed and that she could successfully "deal with her drug problem" with the help of an out-patient drug abuse program, she implored the court to reinstate her community supervision. The trial court, apparently unpersuaded, denied the request and imposed the original two year sentence.

By her sole point of error, appellant maintains the trial court was without the authority to place her on community supervision because of her prior felony convictions. Thus, the order placing her on community supervision was void, as was the subsequent order revoking such supervision. We disagree. In urging her position, appellant relies upon section 4(e) of article 42.12 of the Texas Code of Criminal Procedure which provides, in pertinent part, that "[a] defendant is eligible for community supervision . . . only if before the trial begins the defendant files a written sworn motion with the judge that the defendant has not previously been convicted of a felony in this or any other state, and the jury enters in the verdict a finding that the information in the defendant's motion is true." (Vernon

2

Supp. 2004).[1]  According to appellant, the 1979 version of article 42.12 provided that "[n]othing herein shall limit the power of the court to grant a probation of sentence regardless of the recommendation of the jury or prior conviction of the defendant."  Art. 42.12, § 3c (Vernon 1979).  It follows, argues appellant, that the deletion of that language in today's statute exhibits "legislative intent to change the law, and thereby bar a court from granting probation where a jury cannot give it either."  Thus, since a jury could not have awarded appellant community supervision in this case because of her prior felony convictions, the trial court similarly had no authority to grant it.  In asserting this position, however, appellant concedes she can provide no authority to support it.

The circumstances under which a trial court may award community supervision are clearly delineated by statute.  First, a court may only suspend the imposition of sentence and place a defendant on community supervision if it determines that it is "in the best interest of justice, the public, and the defendant" to do so. Art. 42.12, § 3(a).  Next, a criminal defendant is ineligible to receive community supervision from a judge if he is sentenced: (1) to a term of imprisonment that exceeds 10 years; or (2) to a term of confinement in state jail.  Art. 42.12, § 3(e).  Finally, under section 3G of the statute, a court may not grant community supervision to defendants found guilty of a laundry list of offenses or in cases where an affirmative deadly weapon finding is entered.  Art. 42.12, § 3G(a).  Because, by appellant's own admission, there is no legislative history to support

---

[1]All references to sections and articles are to the Code of Criminal Procedure (Vernon Supp. 2004) unless otherwise designated.

3

the argument, we decline her invitation to engraft into the Legislature's decision to delete the language referenced above an intent to further restrict a judge's power to award community supervision.

Furthermore, the State responds, and we agree, that even if appellant was ineligible for judge ordered community supervision, she may not attack the unlawful grant of it for the first time on appeal after that supervision has been revoked. *Cf.* Ex parte Williams, 65 S.W.3d 656, 657 (Tex.Cr.App. 2001) (holding that unlawful grant of probation did not entitle petitioner to *habeas corpus* relief after community supervision was revoked). Additionally, appellant affirmatively sought action by the trial court–that it grant the terms of the plea bargain entered into by her and the State and that it place her on community supervision. *See* Prytash v. State, 3 S.W.3d 522, 531 (Tex.Cr.App. 1999) (citing George E. Dix and Robert O. Dawson, 43 Texas Practice–Criminal Practice and Procedure § 42.141 (Supp. 1999)). What is more, if appellant had had her way, she would have been reinstated on community supervision following the revocation proceeding in October of 2003. Thus, even if the trial court's original grant of community supervision was a nullity, she is now estopped from making an appellate error of an action she induced. *Id*. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

4