# NO. 12-11-00314-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TOMMY LEE LEWIS,*<br>*APPELLANT* | § | *APPEAL FROM THE 8TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *RAINS COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Tommy Lee Lewis appeals his conviction for aggravated sexual assault of a child, for which he was sentenced to imprisonment for ten years. His sentence was suspended and he was placed on community supervision for ten years. In one issue, Appellant argues that the trial court erroneously admitted harmful hearsay testimony. In its cross-appeal, the State argues that the trial court was not authorized to place Appellant on community supervision. We affirm.

### BACKGROUND

Appellant was charged by indictment with, among other things, aggravated sexual assault of his twelve-year-old stepsister, B.S. Appellant pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the court permitted, over Appellant's hearsay objection, the testimony of Kim Bassinger, a Sexual Assault Nurse Examiner (SANE). Ultimately, the jury found Appellant "guilty" of aggravated sexual assault as charged, assessed Appellant's punishment at imprisonment for ten years, and recommended that Appellant be placed on community supervision. In accordance with the jury's recommendation, the trial court sentenced Appellant to imprisonment for ten years,

suspended the sentence, and placed Appellant on community supervision for ten years. This appeal followed.

## BASSINGER'S TESTIMONY

In his sole issue, Appellant argues that the trial court erred in overruling his hearsay objection to Bassinger's testimony concerning what B.S. said to her in conjunction with her examination of B.S.

The admission of evidence is a matter within the discretion of the trial court. *Jones v. State*, 111 S.W.3d 600, 606 (Tex. App.–Dallas 2003, pet. ref'd). Accordingly, we review the trial court's admission of evidence under an abuse of discretion standard. *Id.* As long as the trial court's ruling was within the "zone of reasonable disagreement," there is no abuse of discretion, and we must uphold the ruling. *Id.*

Under Texas law, "if, on appeal, a defendant claims the trial judge erred in admitting evidence offered by the State, this error must have been preserved by a proper objection and a ruling on that objection." *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). A proper objection is one that is specific and timely. *Id.* "Further, with two exceptions, the law in Texas requires a party to continue to object each time inadmissible evidence is offered." *Id.* The two exceptions require counsel to either (1) obtain a running objection, or (2) request a hearing outside the presence of the jury. *Id.*

Here, Appellant objected at the outset of Bassinger's testimony as follows:

> Your Honor, at this time, I'd object to any testimony she might have because I think she's going into what will be hearsay testimony, and under, what's that, 803(C), medical testimony, what she's testified to is that she's a SANE nurse examiner, and a SANE nurse examiner is a certification by the Attorney General's office saying that she's been trained to gather evidence to sexual assault cases. In this situation, there is no evidence at this point that the child knew or should have known that the evi- -- the words that she was saying to this nurse were needed for the treatment of any illness or injuries that she might have sustained and that, as a SANE nurse examiner, she is not tested or qualified, because what she's doing is acting as her function as a police officer to gather evidence, and that's the primary purpose of the SANE nurse examiner is to gather evidence, and that's what I think she's fixing to get into. So, the medical treatment as an exception to the Hearsay Rule is not valid in this case, and I'd ask that we have a hearing outside the presence of the jury before she gets into any evidence of that type.

The trial court overruled Appellant's objection and granted him a running objection "on the issue." Thereafter, Bassinger testified about certain hearsay statements made to her by B.S. in which B.S.

described what happened to her in sexually explicit detail. In several of these statements, B.S. referred to her "VJJ" or Appellant's "thing."

The State sought to admit its Exhibit 2, a diagram of the female anatomy, on which B.S. had indicated to Bassinger the female body part to which she was referring with the term "VJJ."[1] The State further sought to admit its Exhibit 3, a diagram of the male anatomy, on which B.S. had indicated to Bassinger the male body part to which she was referring with the term "thing." Finally, the State sought to admit its Exhibit 4, the Sexual Assault Forensic Examination Form Bassinger used in conjunction with her examination of B.S. With regard to each of these exhibits, Appellant expressly stated that he had "no objection" to their admission. Exhibit 4 set forth the "History of Assault," which was essentially a summary of the hearsay statements of B.S. that Bassinger had recounted in her testimony.

When a defendant affirmatively states that he has "no objection" to proffered evidence, he waives any error in its admission. *See Holmes v. State*, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008). Thus, the affirmative acceptance of previously challenged evidence waives any error in its admission. *See Swain v. State*, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005); *Moody v. State*, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992) (statement of "no objection" to offered evidence waives claim to inadmissibility of challenged evidence).

In the instant case, because the trial court granted his running objection, Appellant was not required to object to each instance of Bassinger's testimony concerning B.S.'s statements to her. *See* TEX. R. EVID. 103(a)(1); *White v. State*, 784 S.W.2d 453, 458 (Tex. App.–Tyler 1989, pet. ref'd) ("In Texas, the term 'running' objection or 'continuing' objection apparently arose as shorthand nomenclature for the traditional rule that a party whose objection to the admission of evidence is overruled need not repeat the objection when other similar evidence is offered by his adversary; the party may instead assume that the trial judge will make the same ruling on an identical subsequent objection"). Even if we assume arguendo that the trial court's granting Appellant's running objection relieved him of having to object to the State's exhibits containing B.S.'s statements, when Appellant expressly stated that he had "no objection" to these exhibits, he waived any error in their

---

[1] On the exhibit, the term "VJ" is noted. Bassinger testified concerning this exhibit as follows: "I asked her, when she said "VJJ," to point on the diagram what part of her body she was talking about. She pointed right there and said, "That's my VJ" or "VJJ."

admission and the statements contained therein.  *See Holmes*, 248 S.W.3d at 200; *Swain*, 181 S.W.3d at 368; *Moody*, 827 S.W.2d at 889.   Appellant's sole issue is overruled.

### UNAUTHORIZED ORDER OF COMMUNITY SUPERVISION

In its sole issue in its cross-appeal, the State argues for the first time on appeal that the trial court was not authorized to place Appellant on community supervision because he was convicted of aggravated sexual assault of a child under age fourteen.   *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §§ 3g(a)(1)(E), 4(d)(5) (West Supp. 2012); *see also* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2012).[2]

The State cites Texas Code of Criminal Procedure, Article 37.10(b) in support of its contention that this court should reform the trial court's judgment by deleting the portion placing Appellant on community supervision for ten years, leaving only the sentence of imprisonment for ten years.   Article 37.10(b) states as follows:

> If the jury assesses punishment in a case and in the verdict assesses both punishment that is authorized by law for the offense and punishment that is not authorized by law for the offense, the court shall reform the verdict to show the punishment authorized by law and to omit the punishment not authorized by law.   If the trial court is required to reform a verdict under this subsection and fails to do so, the appellate court shall reform the verdict as provided by this subsection.

TEX. CODE CRIM. PROC. ANN. art. 37.10(b) (West 2006).   In addressing what it perceived as a potential counterargument from Appellant that the trial court's error renders his sentence illegal or void, the State cites *Ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001) for the proposition that an unlawful grant of community supervision does not constitute an illegal or void sentence.  *Id*.   In reaching its conclusion, the court in *Williams* stated, in pertinent part, as follows: "In *Speth v. State*,[3] we explained that 'community supervision is not a sentence or even a part of a sentence.' [citation omitted].   Because of this, the illegal granting of community supervision should not be governed by a rule which applies to illegal sentences."  *Williams*, 65 S.W.3d at 657.

In *State v. Enriquez*, 47 S.W.3d 177 (Tex. App.–El Paso 2001, no pet.), the court considered an issue similar to the issue before us.   There, the State challenged the trial court's assessment of

---

[2] We note that the State made no objection to the trial court's charge on punishment and, further, discussed the issue of community supervision in its argument to the jury.

[3] 6 S.W.3d 530 (Tex. Crim. App. 1999).

4

punishment placing the appellant on community supervision because the trial court was not authorized to grant community supervision to the appellant since the jury had made a deadly weapon finding. *Id.* at 178; *see* TEX. CODE CRIM. PROC. ANN. Art. 42.12 § 3g(a)(2) (West Supp. 2012). The court of appeals disagreed with the State's contention, and, relying primarily on *Williams* and *Speth*, stated as follows:

> Generally, when a punishment is not authorized by law, the sentence imposing that punishment is void. A punishment unauthorized by law refers to punishments assessed that, on their face, were not within the realm of punishments applicable to the particular offense. The Texas Court of Criminal Appeals has recently held, however, that an unauthorized probation order does not constitute an illegal sentence. In *Ex parte Williams*, the [c]ourt reiterated its position in *Speth v. State*, that "community supervision is not a sentence or even a part of a sentence." Thus, the illegal granting of community supervision is not governed by a rule which applies to illegal sentences.

*Enriquez*, 47 S.W.3d at 178–79 (citations omitted). The court concluded that the trial court's community supervision order did not constitute an illegal or void sentence and that the State could not complain for the first time on appeal that the community supervision order was unauthorized. *Id.* at 179.

In *Wiley v. State*, 112 S.W.3d 173 (Tex. App.–Fort Worth 2003, pet. ref'd), the court discussed *Williams* extensively. The court noted that "the court of criminal appeals has unequivocally held that a trial court's order granting [community supervision], even to a statutorily ineligible defendant, is not a 'sentence' and therefore cannot be an illegal or void sentence." *Id.* at 175. The court concluded that, applying *Williams*, "as it must," it was "clear that the [community supervision] order entered in [the appellant's] prior felony case for sexual assault of a child did not constitute a void or illegal sentence." *Id.* at 176.

In the instant case, in accord with the jury's recommendation, the trial court placed Appellant on community supervision when it lacked statutory authority to do so. However, we cannot, as the State argues, employ Article 37.10(b) to reform the trial court's judgment to reflect the punishment authorized by law and to omit the punishment not authorized by law.[4] *See Williams*, 65 S.W.3d at

---

[4] A "sentence" is the "part of the judgment that orders that the punishment be carried into execution." TEX. CODE CRIM. PROC. ANN. art. 42.02 (West 2006). Thus, it is logical to conclude that if punishment is part of a sentence and community supervision is not, then community supervision cannot be part of punishment. *See id.*; *Williams*, 65 S.W.3d at 657. Since Article 37.10(b) concerns reformation of verdicts containing unauthorized punishment and community supervision is not part of punishment, the trial court's granting of community supervision is not governed by Article 37.10(b). *Cf. Williams*, 65 S.W.3d at 657; *Enriquez*, 47 S.W.3d at 179.

5

657.  Accordingly, we hold that the trial court's community supervision order did not constitute an unauthorized sentence or punishment.  *See id.*; *Enriquez*, 47 S.W.3d at 179.  The State's cross-issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue as well as the State's sole cross-issue, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered March 6, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NO PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 6, 2013**

**NO. 12-11-00314-CR**

**TOMMY LEE LEWIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 8th Judicial District Court

of Rains County, Texas. (Tr.Ct.No. 5057)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*