

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00186-CR

---

ROBERT TYLER BEST                                          APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 1314929D

------------

## MEMORANDUM OPINION[1]

------------

Appellant Robert Tyler Best appeals his conviction for indecency with a child by exposure.[2] He argues that the trial court erred by adjudicating his guilt and imposing punishment because his placement on a four-year term of

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 21.11(a)(2)(B) (West 2011).

community supervision was unauthorized and his guilty plea was therefore void. We affirm.

## Background Facts

A grand jury indicted appellant for five counts of sexual assault of a child and one count of indecency with a child by exposure. Appellant pled guilty to indecency with a child by exposure and entered a judicial confession. The trial court deferred adjudication of his guilt and placed him on community supervision, with several conditions, for four years. Appellant did not appeal his placement on community supervision.

Months later, the State filed a petition asking the trial court to adjudicate appellant's guilt. The State alleged that he had violated community supervision conditions by, among other acts, using marijuana and removing a GPS device. After holding an evidentiary hearing, the trial court found that appellant had violated his community supervision conditions. The court revoked appellant's community supervision, convicted him, and sentenced him to five years' confinement.

Appellant filed and presented a motion for new trial, arguing,

[A]n illegal order on punishment was entered in that at the time of the initial guilty plea herein the plea bargain agreement between the parties and approved by the Court called for a 4 year term of deferred adjudication community supervision although the applicable law at the time required a minimum of 5 years of community supervision. Because the plea bargain and the order deferring adjudication were illegal from the beginning[,] the plea of guilty based thereon was involuntary and should be [set aside].

2

The trial court did not expressly rule on the motion for new trial. Appellant brought this appeal.

**Effect of Unauthorized Community Supervision Order**

In his only point, appellant argues that his four-year community supervision term was unlawful because it was below the minimum term allowed by statute, that the unauthorized community supervision term invalidated his guilty plea, and that the revocation of his community supervision and the adjudication of his guilt are therefore erroneous. Throughout his brief, appellant describes his community supervision as "punishment" or as a "sentence." He asks this court to reverse his conviction and return him to the position he was in prior to his guilty plea.

The State does not dispute appellant's argument that the four-year community supervision term was not authorized. But the State contends, in part, that appellant forfeited his complaint because it should have been raised at the time community supervision was imposed.[3]

After receiving a plea of guilty and evidence that substantiates the plea, the trial court may defer further proceedings without adjudicating guilt and place a defendant on community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2014). "For a defendant charged with [indecency with a

---

[3]The State also contends that estoppel prevents appellant from complaining about a mistake that he bargained for and benefited from. Because of our holding below, we need not address that argument.

3

child], . . . the period of community supervision may not be less than five years." *Id.*; *see* Tex. Penal Code Ann. § 21.11(a). Thus, the trial court was not authorized to impose the four-year community supervision term that the parties had agreed to through a plea bargain.

Under the circumstances of this case, however, we cannot agree with appellant's argument that the unauthorized term of community supervision renders his guilty plea void or requires reversal of his conviction. Instead, we agree with the State's contention that appellant forfeited his complaint.

Applying preservation-of-error principles, the court of criminal appeals has explained that a complaint concerning an order deferring adjudication of guilt must generally be raised in an appeal from that order. *See Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); *see also Wiley v. State*, 410 S.W.3d 313, 319 (Tex. Crim. App. 2013) (reaffirming that "an appellant will not be permitted to raise on appeal from the revocation of his community supervision any claim that he could have brought on an appeal from the original imposition of that community supervision"). The general rule does not apply to complaints about void judgments, which can be raised at any time. *Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001); *see also Cordero v. State*, No. 12-12-00365-CR, 2013 WL 3976048, at *1 (Tex. App.—Tyler July 31, 2013, pet. ref'd) (mem. op., not designated for publication) ("Except for error that would render the initial judgment void, issues relating to the original proceeding that resulted in

4

deferred adjudication community supervision may be raised only in appeals at the end of that proceeding.").

"But a judgment is void only in very rare situations—usually due to a lack of jurisdiction." *Nix*, 65 S.W.3d at 668. The erroneous grant of community supervision is not a void act. *See Ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001) (disavowing the notion that an "unlawful grant of probation constitutes an illegal or void sentence");[4] *State v. Enriquez*, 47 S.W.3d 177, 179 (Tex. App.—El Paso 2001, no pet.) ("[T]he [statutorily-unauthorized] probation order does not constitute an illegal or void sentence."); *see also Lewis v. State*, No. 12-11-00314-CR, 2013 WL 839788, at *2–4 (Tex. App.—Tyler Mar. 6, 2013, no pet.) (mem. op., not designated for publication) (refusing to modify a judgment that included a statutorily-unauthorized grant of community supervision when the State raised the issue for the first time on appeal); *Wiley v. State*, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref'd) ("The court of criminal appeals

---

[4]In *Williams*, the defendant had been placed on community supervision while being statutorily ineligible because of a deadly weapon finding. 65 S.W.3d at 657. The court of criminal appeals overruled a prior decision in which the court had held that an unauthorized community supervision order constituted an illegal sentence. *See id.* (overruling *Heath v. State*, 817 S.W.2d 335, 339 (Tex. Crim. App. 1991) (plurality op. on reh'g)). Thus, the cases cited by appellant that concern illegal sentences do not control the outcome here. *See Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999) ("These cases are inapposite . . . because they involve the imposition of a *sentence* not authorized by statute, while community supervision is not a sentence or even a part of a sentence."), *cert. denied*, 529 U.S. 1088 (2000). *Williams* forecloses appellant's argument that any unauthorized form of community supervision created a void judgment. *See* 65 S.W.3d at 657 ("[T]he trial court's unauthorized probation order did not constitute an illegal sentence.").

5

has unequivocally held that a trial court's order granting probation, even to a statutorily ineligible defendant, is not a 'sentence' and therefore cannot be an illegal or void sentence.").

Our sister intermediate appellate court in Dallas has applied these principles of preservation to facts that are indistinguishable from the circumstances in the case. *See Jackson v. State*, No. 05-09-00650-CR, 2010 WL 297945, at *2 (Tex. App.—Dallas Jan. 27, 2010, no pet.) (not designated for publication). In *Jackson*, the defendant pled guilty to aggravated sexual assault, and the trial court deferred adjudication of his guilt and placed him on community supervision for three years. *Id.* at *1. The court later convicted and sentenced him. *Id.* On appeal from the conviction, he argued that the trial court's original order imposing deferred adjudication community supervision was illegal and void because the three-year term was below the minimum five-year term required for that offense by article 42.12 of the code of criminal procedure. *Id.* The court of appeals disagreed, holding that the "unauthorized term of deferred adjudication community supervision [was] not an illegal or void sentence" and that Jackson "should have brought his complaint concerning the order deferring adjudication in an appeal from that order." *Id.* at *2; *see also Huckaby v. State*, Nos. 05-10-00844-CR, 05-10-00845-CR, 2011 WL 5925154, at *1 (Tex. App.—Dallas Nov. 29, 2011, no pet.) (mem. op., not designated for publication) ("[T]he unauthorized term of community supervision assessed in the aggravated assault case is not an

6

illegal or void sentence subject to the *Nix* exception. . . . Accordingly, [the appellant] may not raise [this] complaint[] now, after his probation has been revoked.").

Based on the precedent cited above, we agree with the holding in *Jackson*. We conclude that appellant was required to complain about his too-lenient length of community supervision in an appeal from the order imposing it and that he could not effectively raise that complaint for the first time after the trial court adjudicated his guilt. *See Wiley*, 410 S.W.3d at 319; *Manuel*, 994 S.W.2d at 661–62; *Wiley*, 112 S.W.3d at 175.

We also reject appellant's argument that his plea bargain was not fulfilled. The trial court ordered community supervision for four years, in accordance with the terms of appellant's plea bargain, and no party appealed from that order.

Finally, we conclude that to the extent appellant attempts to raise a claim that his placement on community supervision qualified as unconstitutionally cruel and unusual punishment, he additionally forfeited this argument by not raising it at any time in the trial court. *See* Tex. R. App. P. 33.1(a); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Sample v. State*, 405 S.W.3d 295, 303–04 (Tex. App.—Fort Worth 2013, pet. ref'd).

For all of the reasons stated above, we overrule appellant's only point.

## Conclusion

Having overruled appellant's sole point, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 9, 2015