NO. 07-01-0334-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 31, 2003

_____

RICARDO GUTIERREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. B2720-9209; HONORABLE ED SELF, JUDGE

_____

Before JOHNSON, C.J. and QUINN and REAVIS, JJ.

**OPINION**

Appellant Ricardo Gutierrez appeals from his conviction for aggravated sexual assault of a child. By three issues he challenges his conviction for legal and factual sufficiency of the evidence and for violation of his constitutional right to be free from double jeopardy. We affirm.

BACKGROUND

Appellant was indicted for aggravated sexual assault of a child. Pursuant to a plea bargain, he entered a guilty plea on December 16, 1992. The trial court honored the plea bargain and sentenced him to ten years incarceration and a $1,000 fine (the 1992 conviction and judgment). The incarceration portion of the sentence was probated for five years. On November 7, 1996, appellant's probation was revoked and he was sentenced to confinement for ten years. The revocation was affirmed on appeal.

Appellant filed an application for writ of habeas corpus with the Court of Criminal Appeals. The application was denied.

Appellant eventually filed a Petition for Writ of Mandamus with this court seeking a writ of mandamus directing the trial judge to set aside the 1992 judgment. He urged that he was not eligible for probation because he had been found guilty of an offense under Section 22.021 of the Penal Code (aggravated sexual assault).[1] He cited Heath v. State, 817 S.W.2d 335 (Tex.Crim.App. 1991), for the proposition that because probation of his sentence was not allowed by statute, the original judgment was void and the trial court had a ministerial duty to set it aside.

The trial judge's response to the petition for mandamus agreed with appellant's position and agreed that a writ of mandamus was the appropriate vehicle by which relator should be granted relief. This court, by an unpublished opinion, acceded, conditionally

---

[1] Tex. Pen. Code Ann. § 22.021 (Vernon 2004).

2

granted the petition for mandamus and directed the trial court to set aside the original judgment. The trial court ordered the 1992 judgment set aside.

Appellant then declined the State's plea bargain offer and went to trial in July, 2001. A jury convicted him and set his punishment at 50 years. Judgment was entered accordingly (the 2001 conviction and judgment).

Appellant challenges the conviction via three issues. His first two issues urge legal and factual insufficiency of the evidence to support conviction. His third issue urges that our prior grant of mandamus was erroneous, the 1992 judgment was not void after all, see Ex parte Williams, 65 S.W.3d 656 (Tex.Crim.App. 2001), the 1992 judgment was and remains a valid final judgment, and the 2001 trial and judgment violated his state and federal rights to be free from double jeopardy. See U.S. CONST. Amend. V; TEX. CONST. art. I, § 14.

## ISSUES 1 AND 2: LEGAL AND FACTUAL
## SUFFICIENCY OF THE EVIDENCE

M.C., who was eleven years old at the time of the incident, testified that appellant took her to his house at approximately 2:00 a.m. while M.C.'s mother was at a hospital with appellant's ill wife. M.C. related that appellant took his pants off, took her pants off, climbed on top of her on the couch and forced his penis into her vagina. She testified that she pushed him away, but he forced his penis into her a second time. On cross-examination M.C. testified that she did not see appellant's penis, his hand was in her

crotch area, and that the penetration of her vagina might have been by appellant's finger.

Appellant testified that M.C. took her own clothes off, he took his clothes off except for his underwear, and that M.C. sat on his lap while they were in a state of undress. He denied touching her in the crotch area or putting his penis in her vagina. He disavowed a sworn, written statement he gave shortly after the incident in which he professed in part that (1) he had been drunk during the episode at his house, (2) both M.C. and he were naked below the waist at some point, (3) he thought that she sat on him once when their clothes were off, and (4) he did not remember having sex with her, was pretty sure he did not have sex with her, but dozed off one time and did not know what happened. The statement was introduced into evidence.

A rape exam was performed on M.C. at approximately 11:00 p.m. on the date of the alleged incident. M.C. had bathed and cleaned herself during the day, before she reported the incident. The exam report showed that M.C.'s panties tested positive on a presumptive blood test. According to the physician who performed the rape exam, M.C.'s hymen had a hole which was caused by something penetrating it, although he could not tell what the penetrating object was. The exam did not show evidence of bruising or trauma in M.C.'s genital area. Semen was not detected on M.C. or her clothes as a result of tests from the exam.

The indictment alleged that appellant ". . . intentionally and knowingly cause [sic] the penetration of the female sexual organ of [M.C.], a child who was then and there younger than fourteen years of age, by defendant's penis." Appellant alleges that the

4

evidence was legally and factually insufficient to prove that he penetrated M.C.'s sexual organ with his penis, as the indictment alleged. He urges that the indictment was not required to allege the precise way in which appellant penetrated the sexual organ of M.C., but because the indictment did so, the State was required to prove that method of penetration. And, he posits, the evidence was legally and factually insufficient to support a finding that he penetrated her with his penis because both M.C. and the rape exam physician testified that the object penetrating M.C.'s female organ could have been appellant's finger.

When both legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). In determining whether a verdict enjoys the support of legally sufficient evidence, we ask if, after reviewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); King v. State, 895 S.W.2d 701, 703 (Tex.Crim.App. 1995). If the answer is yes, then the evidence underlying the conviction is legally sufficient.

If the evidence is legally sufficient, we then consider the factual sufficiency challenge. See Clewis, 922 S.W.2d at 133. In determining factual sufficiency of the evidence when the State has the burden of proof, the reviewing court views all the evidence in a neutral light, see Johnson v. State, 23 S.W.3d 1, 6-7 (Tex.Crim.App. 2000),

5

and sets aside the verdict only if the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Id. at 7.

Considering the evidence in the light most favorable to the jury verdict, such as evidence that appellant drove himself and M.C. to his house at 2:00 a.m. instead of going to the store to get cigarettes as appellant told M.C.'s mother they were going to do, M.C.'s direct testimony that appellant disrobed her and himself below the waist and put his penis in her vagina twice, and medical testimony that M.C.'s hymen had been penetrated, we determine that the evidence is legally sufficient to support the verdict. Moreover, viewing all the evidence in a neutral light, and giving due deference to the jury's resolution of the conflicts in the evidence and judgment as to credibility of the witnesses, we find the evidence to be factually sufficient to support a finding that appellant penetrated M.C.'s sexual organ with his penis.[2] We overrule appellant's first and second issues.

## ISSUE 3: DOUBLE JEOPARDY

Issue three urges that appellant's federal and state constitutional rights to be free from double jeopardy for the same offense were violated by his 2001 jury trial and conviction. He claims that the 1992 judgment was a final judgment, that his earlier claims in the trial court and this court that it was a void judgment were in error, and that the

---

[2]Because we find the evidence both legally and factually sufficient to support the conviction based on the actual language of the indictment, we need not consider whether the evidence materially varied from the indictment's allegation that appellant penetrated M.C's sexual organ with his penis. See Santana v. State, 59 S.W.3d 187, 195 (Tex.Crim.App. 2001); Gollihar v. State, 46 S.W.3d 243, 257 (Tex.Crim.App. 2001).

6

mandamus order which he earlier sought and obtained from this court was erroneous. His appellate issue is a refinement of the claim he first presented in a motion for new trial following his 2001 trial. He asserts now that because the 1992 judgment was not void, but a final, valid conviction, the 2001 conviction and sentence should be set aside because of "the theories of double jeopardy."[3]

The State responds, in part, that appellant should be estopped from asserting a double jeopardy claim. The State bases its estoppel argument on appellant's prior actions in (1) urging that his 1992 conviction was void, (2) obtaining mandamus from this court and an order from the trial court setting aside the 1992 judgment based on his request, and (3) urging the double jeopardy claim only after he was disappointed in the outcome of his 2001 trial. We agree with the State.

Appellant urged the trial court and this court to take certain actions, then asserted that the courts erred in taking the actions. Such circumstances are addressed via the doctrine of invited error - a species of estoppel. See Prystash v. State, 3 S.W.3d 522, 531 (Tex.Crim.App. 1999). The invited error doctrine precludes a party from urging as error an action the party procured. See id. at 532. Appellant's actions in procuring the very judicial actions on which he now bases his claim of error forfeited his right to assert a double jeopardy claim based on such actions. See Gonzalez, 8 S.W.3d at 643; Prystash,

---

[3]The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. Amend. V. The Texas Constitution also proscribes double jeopardy. See TEX. CONST. art. I, § 14.

7

3 S.W.3d at 532.  See also Gonzalez v. State, 8 S.W.3d 640 (Tex.Crim.App. 2000) (certain federal constitutional double jeopardy claims may be forfeited).[4]  We overrule appellant's third issue.

### CONCLUSION

We affirm the trial court judgment.

Phil Johnson
Chief Justice

Do not publish.

---

[4]The double jeopardy ban under the Texas Constitution affords no broader protection than the federal constitution.  See Stephens v. State, 806 S.W.2d 812, 815 (Tex.Crim.App. 1990).  Thus, we will not conduct a separate analysis as to appellant's claim that his rights under the Texas Constitution were violated.