NO. 07-01-0334-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C


 

OCTOBER 31, 2003



______________________________




RICARDO GUTIERREZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;



NO. B2720-9209; HONORABLE ED SELF, JUDGE



_______________________________



Before JOHNSON, C.J. and QUINN and REAVIS, JJ.

OPINION


 Appellant Ricardo Gutierrez appeals from his conviction for aggravated sexual
assault of a child. By three issues he challenges his conviction for legal and factual
sufficiency of the evidence and for violation of his constitutional right to be free from
double jeopardy. We affirm. 


BACKGROUND

 Appellant was indicted for aggravated sexual assault of a child. Pursuant to a plea
bargain, he entered a guilty plea on December 16, 1992. The trial court honored the plea
bargain and sentenced him to ten years incarceration and a $1,000 fine (the 1992
conviction and judgment). The incarceration portion of the sentence was probated for five
years. On November 7, 1996, appellant's probation was revoked and he was sentenced
to confinement for ten years. The revocation was affirmed on appeal. 

 Appellant filed an application for writ of habeas corpus with the Court of Criminal
Appeals. The application was denied. 

 Appellant eventually filed a Petition for Writ of Mandamus with this court seeking
a writ of mandamus directing the trial judge to set aside the 1992 judgment. He urged that
he was not eligible for probation because he had been found guilty of an offense under
Section 22.021 of the Penal Code (aggravated sexual assault). (1) He cited Heath v. State,
817 S.W.2d 335 (Tex.Crim.App. 1991), for the proposition that because probation of his
sentence was not allowed by statute, the original judgment was void and the trial court had
a ministerial duty to set it aside. 

 The trial judge's response to the petition for mandamus agreed with appellant's
position and agreed that a writ of mandamus was the appropriate vehicle by which relator
should be granted relief. This court, by an unpublished opinion, acceded, conditionally
granted the petition for mandamus and directed the trial court to set aside the original
judgment. The trial court ordered the 1992 judgment set aside. 

 Appellant then declined the State's plea bargain offer and went to trial in July, 2001. 
A jury convicted him and set his punishment at 50 years. Judgment was entered
accordingly (the 2001 conviction and judgment).

 Appellant challenges the conviction via three issues. His first two issues urge legal
and factual insufficiency of the evidence to support conviction. His third issue urges that
our prior grant of mandamus was erroneous, the 1992 judgment was not void after all, see
Ex parte Williams, 65 S.W.3d 656 (Tex.Crim.App. 2001), the 1992 judgment was and
remains a valid final judgment, and the 2001 trial and judgment violated his state and
federal rights to be free from double jeopardy. See U.S. Const. Amend. V; Tex. Const.
art. I, § 14. 

ISSUES 1 AND 2: LEGAL AND FACTUAL

SUFFICIENCY OF THE EVIDENCE


 M.C., who was eleven years old at the time of the incident, testified that appellant
took her to his house at approximately 2:00 a.m. while M.C.'s mother was at a hospital with
appellant's ill wife. M.C. related that appellant took his pants off, took her pants off,
climbed on top of her on the couch and forced his penis into her vagina. She testified that
she pushed him away, but he forced his penis into her a second time. On cross-examination M.C. testified that she did not see appellant's penis, his hand was in her
crotch area, and that the penetration of her vagina might have been by appellant's finger. 
 Appellant testified that M.C. took her own clothes off, he took his clothes off except
for his underwear, and that M.C. sat on his lap while they were in a state of undress. He
denied touching her in the crotch area or putting his penis in her vagina. He disavowed
a sworn, written statement he gave shortly after the incident in which he professed in part
that (1) he had been drunk during the episode at his house, (2) both M.C. and he were
naked below the waist at some point, (3) he thought that she sat on him once when their
clothes were off, and (4) he did not remember having sex with her, was pretty sure he did
not have sex with her, but dozed off one time and did not know what happened. The
statement was introduced into evidence. 

 A rape exam was performed on M.C. at approximately 11:00 p.m. on the date of the
alleged incident. M.C. had bathed and cleaned herself during the day, before she reported
the incident. The exam report showed that M.C.'s panties tested positive on a presumptive
blood test. According to the physician who performed the rape exam, M.C.'s hymen had
a hole which was caused by something penetrating it, although he could not tell what the
penetrating object was. The exam did not show evidence of bruising or trauma in M.C.'s
genital area. Semen was not detected on M.C. or her clothes as a result of tests from the
exam. 

 The indictment alleged that appellant ". . . intentionally and knowingly cause [sic]
the penetration of the female sexual organ of [M.C.], a child who was then and there
younger than fourteen years of age, by defendant's penis." Appellant alleges that the
evidence was legally and factually insufficient to prove that he penetrated M.C.'s sexual
organ with his penis, as the indictment alleged. He urges that the indictment was not
required to allege the precise way in which appellant penetrated the sexual organ of M.C.,
but because the indictment did so, the State was required to prove that method of
penetration. And, he posits, the evidence was legally and factually insufficient to support
a finding that he penetrated her with his penis because both M.C. and the rape exam
physician testified that the object penetrating M.C.'s female organ could have been
appellant's finger. 

 When both legal and factual sufficiency of the evidence are challenged, we must
first determine whether the evidence is legally sufficient to support the verdict. See Clewis
v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). In determining whether a verdict
enjoys the support of legally sufficient evidence, we ask if, after reviewing the evidence in
the light most favorable to the verdict, a rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S.
307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); King v. State, 895 S.W.2d 701, 703
(Tex.Crim.App. 1995). If the answer is yes, then the evidence underlying the conviction
is legally sufficient.

 If the evidence is legally sufficient, we then consider the factual sufficiency
challenge. See Clewis, 922 S.W.2d at 133. In determining factual sufficiency of the
evidence when the State has the burden of proof, the reviewing court views all the
evidence in a neutral light, see Johnson v. State, 23 S.W.3d 1, 6-7 (Tex.Crim.App. 2000),
and sets aside the verdict only if the verdict is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. Id. at 7. 

 Considering the evidence in the light most favorable to the jury verdict, such as
evidence that appellant drove himself and M.C. to his house at 2:00 a.m. instead of going
to the store to get cigarettes as appellant told M.C.'s mother they were going to do, M.C.'s
direct testimony that appellant disrobed her and himself below the waist and put his penis
in her vagina twice, and medical testimony that M.C.'s hymen had been penetrated, we
determine that the evidence is legally sufficient to support the verdict. Moreover, viewing
all the evidence in a neutral light, and giving due deference to the jury's resolution of the
conflicts in the evidence and judgment as to credibility of the witnesses, we find the
evidence to be factually sufficient to support a finding that appellant penetrated M.C.'s
sexual organ with his penis. (2) We overrule appellant's first and second issues. 

ISSUE 3: DOUBLE JEOPARDY

 Issue three urges that appellant's federal and state constitutional rights to be free
from double jeopardy for the same offense were violated by his 2001 jury trial and
conviction. He claims that the 1992 judgment was a final judgment, that his earlier claims
in the trial court and this court that it was a void judgment were in error, and that the
mandamus order which he earlier sought and obtained from this court was erroneous. His
appellate issue is a refinement of the claim he first presented in a motion for new trial
following his 2001 trial. He asserts now that because the 1992 judgment was not void, but
a final, valid conviction, the 2001 conviction and sentence should be set aside because
of "the theories of double jeopardy." (3) 

 The State responds, in part, that appellant should be estopped from asserting a
double jeopardy claim. The State bases its estoppel argument on appellant's prior actions
in (1) urging that his 1992 conviction was void, (2) obtaining mandamus from this court and
an order from the trial court setting aside the 1992 judgment based on his request, and (3)
urging the double jeopardy claim only after he was disappointed in the outcome of his
2001 trial. We agree with the State. 

 Appellant urged the trial court and this court to take certain actions, then asserted
that the courts erred in taking the actions. Such circumstances are addressed via the
doctrine of invited error - a species of estoppel. See Prystash v. State, 3 S.W.3d 522, 531
(Tex.Crim.App. 1999). The invited error doctrine precludes a party from urging as error
an action the party procured. See id. at 532. Appellant's actions in procuring the very
judicial actions on which he now bases his claim of error forfeited his right to assert a
double jeopardy claim based on such actions. See Gonzalez, 8 S.W.3d at 643; Prystash,
3 S.W.3d at 532. See also Gonzalez v. State, 8 S.W.3d 640 (Tex.Crim.App. 2000) (certain
federal constitutional double jeopardy claims may be forfeited). (4) We overrule appellant's
third issue. CONCLUSION

 We affirm the trial court judgment.


 Phil Johnson

 Chief Justice



Do not publish. 


1. Tex. Pen. Code Ann. § 22.021 (Vernon 2004).
2. Because we find the evidence both legally and factually sufficient to support the
conviction based on the actual language of the indictment, we need not consider whether
the evidence materially varied from the indictment's allegation that appellant penetrated
M.C's sexual organ with his penis. See Santana v. State, 59 S.W.3d 187, 195
(Tex.Crim.App. 2001); Gollihar v. State, 46 S.W.3d 243, 257 (Tex.Crim.App. 2001). 
3. The Fifth Amendment to the United States Constitution provides that no person
shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S.
Const. Amend. V. The Texas Constitution also proscribes double jeopardy. See Tex.
Const. art. I, § 14.
4. The double jeopardy ban under the Texas Constitution affords no broader
protection than the federal constitution. See Stephens v. State, 806 S.W.2d 812, 815
(Tex.Crim.App. 1990). Thus, we will not conduct a separate analysis as to appellant's
claim that his rights under the Texas Constitution were violated.