COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 JOE FRANK
 RUBIO, AKA JOSEPH RUBIO, AKA JOE RUBIO, AKA FRANK RUBIO,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-03-00051-CR
  
 Appeal from the
  
 210th District Court
  
 of El Paso County, Texas 
  
 (TC# 20000D03932) 
  
 
 


 

MEMORANDUM OPINION

 

Joe Frank Rubio appeals the sentence
he received following revocation of his probation on several theft
convictions.  The State confesses error
as to Rubio=s first issue.  Finding the cumulation
order contained in the judgment was void, we reform the sentence and affirm.

Facts








 
Rubio was charged with and entered guilty pleas to a number of theft
charges.  He pleaded guilty to theft by
check in Cause 20000D03932 (A3932@) on October 19, 2000, and the trial court placed him on
community supervision.  His probation was
revoked in proceedings we will discuss herein. 
3932 is the case currently on appeal.

Rubio also pleaded guilty to another
theft charge in Cause 20000D01249 (A1249@) and received deferred adjudication
probation in that case.  The State
brought a motion to adjudicate guilt in 1249, and motions to revoke probation
in 1249, 3932, and two other theft cases where Rubio had also received
probation.  Hearing on the State=s motions was held September 20,
2002.  The trial court adjudicated Rubio
guilty in 1249, and granted the motion to revoke in that case.

Rubio=s sister appeared at the September
2002 hearing and requested an opportunity to help her brother by paying some of
the restitution he owed for the various thefts. 
She acknowledged she was not planning to pay any of the $11,900 owed in
1249, however, and the trial court proceeded to revoke Rubio=s probation in that case.  He set punishment in that case at 22 months
in a state jail facility.

The trial court then proceeded to
revoke Rubio=s probation in the three remaining
theft cases, but abated sentencing in that cause so that Rubio=s sister could attempt to make
restitution.  After making this ruling,
the trial court commented:

And the
question naturally will be whether I stack them or make them concurrent.  So if this restitution is not made, I
anticipate, most likely, I will stack one on top of the other, on top of the
other.  If the restitution is made, I=ll run them concurrent. 
Thank you.  I=ll give them four weeks to get this done.  He=ll be in jail four more weeks waiting for this to be
done.

 

It is undisputed that Rubio began serving his 22-month
sentence on 1249 immediately following the September 2002 hearing.








On December 13, 2002, the revocation
hearing resumed.  There, the trial court
again orally revoked Rubio=s probation in the three non-deferred adjudication cases and
sentenced him to 20 months in a state jail facility in each of those cases
(including 3932, the case at bar) to be served concurrently.

Also during the December hearing, the
trial court sentenced Rubio to two years in 1249, despite its having already
imposed a 22-month sentence in September, and ordered that the sentence in 1249
be served consecutively to appellant=s 20-month sentence in this
case.  Rubio has appealed the sentence as
thus imposed.

Standard
of review

Questions regarding the legality of a
sentence are questions of law, and we review them under a de novo
standard.  Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

Cumulation order is void

In his first issue, Rubio urges that
the cumulation order entered in 3932 (the instant
appeal) is void because it is based on a void judgment, that is, the December
13, 2002 judgment rendered in 1249.  This
is so, Rubio claims, because the December judgment in 1249, after the trial
court had adjudicated and sentenced Rubio several months earlier in the same case, voided the cumulation order
here.  The State confesses error in this
regard, and we agree the cumulation order is void.








The Texas Code of Criminal Procedure
sets forth the circumstances by which a trial court may order sentences to run
consecutively.  Tex. Code Crim. Proc.
Ann. art. 42.08(a) (Vernon Supp. 2004).  When a trial court wishes to stack sentences,
it must make such an order at the time and place that sentence is orally
pronounced.  Ex parte Madding, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002). 
Once a defendant is removed from the courtroom after sentencing, he or
she begins serving the sentence.  Id. at 135. 
Here, the trial court had pronounced sentence in 1249 and Rubio had
commenced serving that sentence months before the Anew@ sentence was imposed and the order
cumulating the sentences pronounced.  We
therefore conclude that the trial court=s second pronouncement of sentence in
1249 on December 13, 2002 was without effect, particularly as the trial court
had lost plenary power over that case. 
Thus, the trial court could not stack that sentence with the sentence
ordered in this case, 3932.  Sentences
that are not authorized by law are void and a defect that renders a sentence
void may be raised at any time.  Heath
v. State, 817 S.W.2d 335, 336 (Tex. Crim. App.
1991), overruled on other grounds, Ex parte
Williams, 65 S.W.3d 656, 658 (Tex. Crim. App.
2001).  The first issue on appeal is
sustained.

Conclusion

Because we sustain Rubio=s first issue, we need not reach the
second issue on appeal.  For the reasons
stated above, we reform the judgment to delete the trial court=s 








order that cause number 20000D01249 be
served consecutively to the sentence in this case, cause number
20000D03932.  As reformed, we affirm the
conviction.

 

SUSAN
LARSEN, Justice

May 20, 2004

 

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.

 

(Do Not Publish)