Opinion issued December 20, 2007 






 



 









In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00689-CR

____________


THE STATE OF TEXAS, Appellant


V.


EVERETT DALE WEBB, Appellee






On Appeal from the 21st District Court

Washington County, Texas

Trial Court Cause No. 14,692P-1






O P I N I O N

 Appellant, the State, challenges the trial court's order granting appellee, Everett
Dale Webb's, application for a writ of habeas corpus (1) and ordering a new trial. In its
sole point of error, the State contends that the trial court lacked jurisdiction to hear
Webb's application for a writ of habeas corpus as Webb "could [have] obtain[ed] the
requested relief by means of an appeal" and because Webb failed to show how he was
harmed by the trial court's "illegal grant of probation" to Webb in the underlying
case (2) for the offense of sexual assault. (3)

 We affirm.Procedural Background

 On February 20, 2007, Webb, represented by court-appointed counsel, Michael
L. Glover, pleaded guilty to the offense of sexual assault. The trial court found Webb
guilty, assessed his punishment at confinement for five years, suspended the sentence,
placed Webb on community supervision for five years, and imposed a fine of $1,000. 
Because Webb entered into a plea bargain agreement with the State and the
punishment did not exceed the punishment recommended by the State, the trial court
refused to certify Webb's right to appeal. (4) On March 21, 2007, Webb, still
represented by Glover, filed a motion for new trial, asserting that his guilty plea was
involuntary. At the conclusion of the May 4, 2007 hearing on the motion, the trial
court denied Webb a new trial, and Webb filed a pro se direct appeal, assigned to this
Court. The trial court then appointed Webb a new attorney, Forrest L. Sanderson, III.

 Webb, on May 29, 2007, filed a "Motion for Permission to Appeal" with the
trial court, along with an amended notice of appeal. (5) Also, on that same day, Webb
filed his application for a writ of habeas corpus, in which he asserted that his trial
counsel, Glover, had provided ineffective assistance of counsel in handling his
motion for new trial. Specifically, Webb asserted that the trial court erred in placing
him on community supervision because the Texas Code of Criminal Procedure
prohibits a trial court from granting community supervision for the offense of sexual
assault (6) and that his trial counsel had rendered ineffective assistance by failing to tell
him that he was ineligible for community supervision and that by pleading guilty he
would have to register as a sex offender. 

 The trial court held a hearing on Webb's application on July 10, 2007, and
Glover testified that, in the motion for new trial, he did not assert that the trial court
had unlawfully granted Webb community supervision because "it did not come into
my mind as something that we could have a motion for new trial granted on, so I did
not research that aspect of the law." Glover also stated, "with the information I have
now and the research I've done since[,] then that would have been really the number
one and probably the only issue . . . I would have filed." Glover noted that Webb was
adamant during the motion for new trial hearing that he was not guilty and would not
have accepted any punishment because it would require him to register as a sex
offender. 

 On July 27, 2007, the trial court granted Webb's application, expressly finding
that if Glover had asserted the unlawful granting of community supervision as a
ground for new trial, "the [c]ourt would have granted [Webb] a new trial." In its
conclusions of law, the trial court concluded that Webb received ineffective
assistance of counsel because "[t]rial counsel's failure to timely raise the issue of the
illegality of placing [Webb] on community supervision during the hearing on the
motion for new trial constitutes objectively deficient conduct" and, had it been raised,
"the motion for new trial would otherwise have been granted."

Jurisdiction

 The State first argues, essentially, that the trial court lacked jurisdiction to hear
Webb's application for a writ of habeas corpus because Webb could have obtained
the requested relief by direct appeal and, in fact, a direct appeal is currently pending
before this Court. (7) See Tex. Code Crim. Proc. Ann. art. 11.072, § 3(a) (Vernon
2005). 

 Habeas corpus is an extraordinary remedy and is available only when there is
no other adequate remedy at law. Ex parte Cruzata, 220 S.W.3d 518, 520 (Tex.
Crim. App. 2007). Article 11.072 establishes the procedures for an applicant to seek
habeas corpus relief "from an order or a judgment of conviction ordering community
supervision." Tex. Code Crim. Proc. Ann. art. 11.072, § 1 (Vernon 2005). This
application, however, may not be filed "if the applicant could obtain the requested
relief by means of an appeal under Article 44.02 and Rule 25.2, Texas Rules of
Appellate Procedure." Id. § 3(a). A defendant may raise a claim of ineffective
assistance of counsel by filing an application under article 11.072 when challenging
a conviction ordering community supervision. See Arreola v. State, 207 S.W.3d 387,
390 (Tex. App.--Houston [1st Dist.] 2006, no pet.). As explained by the Texas Court
of Criminal Appeals, a "record on direct appeal is generally inadequate to show that
counsel's conduct fell below an objectively reasonable standard of performance, and
the better course is to pursue the claim in habeas proceedings." Freeman v. State, 125
S.W.3d 505, 511 (Tex. Crim. App. 2003).

 Here, when representing Webb in filing and handling his new trial motion,
Glover did not assert that Webb's plea agreement for community supervision was in
violation of the Texas Code of Criminal Procedure. Thus, there is no record in the
direct appeal of why Glover did not assert this ground in the new trial motion. 
Because there is no record in the direct appeal as to why Glover did not assert this
ground in the new trial motion, Webb would not be able to challenge Glover's
performance in the direct appeal. See id. Thus, the only way to develop a record
showing why Glover had in fact failed to assert in the new trial motion that the plea
bargain agreement was in violation of the Texas Code of Criminal Procedure was
through an application for a writ of habeas corpus. 

 We note that although Webb filed a pro se notice of appeal after the trial court
denied his new trial motion, in a plea-bargained case in which the punishment
assessed does not exceed the plea agreement, a defendant may only appeal matters
raised in a pretrial motion or by obtaining the trial court's permission. See Tex. R.
App. P. 25.2(a). We must dismiss an appeal when the trial court's certification shows
there is no right to appeal. See Tex. R. App. P. 25.2(d). Here, the punishment
assessed did not exceed the plea agreement, Webb did not file a pretrial motion, and
the trial court certified that Webb had no right to appeal. Thus, Webb could not
"obtain the requested relief by means of an appeal" because he had no right to appeal. 
See Tex. Code Crim. Proc. Ann. art. 11.072, § 3(a).

 Accordingly, we hold that the trial court had jurisdiction to hear Webb's
application for a writ of habeas corpus.

Ineffective Assistance of Counsel

 The State next argues that the trial court abused its discretion in granting Webb
habeas corpus relief because "[Webb] has failed to show how he was harmed by the
illegal grant of probation." It asserts that "granting community supervision, even to
a statutorily ineligible defendant, is not a 'sentence' and therefore cannot be an illegal
or void sentence."

 In a habeas corpus proceeding, the applicant has the burden to prove his claims
by a preponderance of the evidence. Ex parte Peterson, 117 S.W.3d 804, 818 (Tex.
Crim. App. 2003). In reviewing a trial court's decision to grant or deny habeas
corpus relief, we view the facts in the light most favorable to the trial court's ruling. 
Id. at 819. We afford "'almost total deference to a trial court's determination of the
historical facts that the record supports especially when the trial court's fact findings
are based on an evaluation of credibility and demeanor.'" Id. (quoting Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). In such instances, we utilize an
abuse of discretion standard. Id. We afford the same amount of deference to the trial
court's ruling on "application of law to fact questions," if the resolution of those
ultimate questions turns on an evaluation of credibility and demeanor. Id. However,
if the resolution of those ultimate questions turns on an application of legal standards
absent any credibility issue, we review the determination de novo. Id.

 In order to prove an ineffective assistance of counsel claim, a defendant must
show that his counsel's performance fell below an objective standard of
reasonableness and, but for his counsel's unprofessional error, there is a reasonable
probability that the result of the proceedings would have been different. Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Vasquez v. State,
830 S.W.2d 948, 949 (Tex. Crim. App. 1992). A reasonable probability is a
"probability sufficient to undermine confidence in the outcome." Strickland, 466
U.S. at 694, 104 S. Ct. at 2068. In reviewing counsel's performance, we look to the
totality of the representation to determine the effectiveness of counsel, indulging a
strong presumption that his performance falls within the wide range of reasonable
professional assistance or trial strategy. Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999). Furthermore, a claim of ineffective assistance must be firmly
supported in the record. Id. 

 Before this Court may conclude that Glover, Webb's trial counsel, rendered
ineffective assistance, Webb must show that if Glover had asserted that Webb was
entitled to a new trial because his sentence was in violation of the Texas Code of
Criminal Procedure, the trial court would have erred in denying the motion. See
Jacoby v. State, 227 S.W.3d 128, 131 (Tex. App.--Houston [1st Dist.] 2006, pet.
ref'd); Vaughn v. State, 888 S.W.2d 62, 74 (Tex. App.--Houston [1st Dist.] 1994),
aff'd, 931 S.W.2d 564 (Tex. Crim. App. 1996). 

 After a guilty plea, a trial court generally has the discretion to suspend the
imposition of a sentence and place a defendant on community supervision. Tex.
Code Crim. Proc. Ann. art. 42.12, § 3(a) (Vernon Supp. 2007). However, a trial
court may not grant community supervision when a defendant is adjudged guilty of
sexual assault. Id. § 3g(a)(1)(H) (Vernon Supp. 2007). 

 Citing Speth v. State in its conclusions of law, the trial court granted Webb
habeas corpus relief because if Glover had asserted in his motion for new trial that the
trial court unlawfully sentenced Webb to community supervision after being adjudged
guilty of sexual assault, the trial court would have granted Webb's motion for new
trial. Cf. 6 S.W.3d 530, 534 n.10 (Tex. Crim. App. 1999) (noting that trial court
abuses its discretion by imposing unlawful conditions of community supervision). 

 In Speth, the Texas Court of Criminal Appeals stated that a "defendant who
benefits from the contractual privilege of probation, the granting of which does not
involve a systemic right or prohibition, must complain at trial to conditions he finds
objectionable." See id. at 534. The court explained that an objection "allows the trial
court the opportunity to either risk abusing his discretion by imposing the condition
over objection or reconsider the desirability of the contract without the objectionable
condition." Id. at 534-35 (footnote omitted). The court noted, "We do not hold that
a trial court does not abuse its discretion by imposing conditions that are
unreasonable or violate constitutional rights or statutory provisions," but "such
defects must be timely objected to in order to be raised on appeal." Id. at 534 n.10. 

 In support of its argument that the trial court abused its discretion in granting
Webb habeas corpus relief, the State relies on Ex parte Williams, 65 S.W.3d 656
(Tex. Crim. App. 2001). In Williams, the trial court placed the defendant on
community supervision even though he had been convicted of the offense of
aggravated assault, which in combination with the trial court's deadly weapon
finding, precluded the trial court from granting the defendant community supervision. 
Id. at 656-57; see Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (Vernon Supp.
2007). After the trial court revoked the defendant's community supervision, the
defendant sought habeas corpus relief, alleging that the unlawful community
supervision rendered his sentence illegal. Williams, 65 S.W.3d at 656-57. The court
disagreed, holding that because community supervision is not "a sentence" or even
a part of "a sentence," unlawfully granting community supervision does not render
the sentence illegal or void. Id. at 657. The court also held that the defendant was
not entitled to habeas relief because his "speculative" assertion that he "may" not
have pleaded guilty if he had known that he was ineligible for community supervision
did not establish by a preponderance of the evidence that he was harmed. Id. at 658. 
 However, unlike in Williams, Webb did not accept the benefits of community
supervision and wait until the trial court revoked his community supervision before
seeking relief. See id. at 656-57 (attacking unlawful grant of community supervision
by seeking habeas corpus relief after trial court revoked supervision). Instead, Webb
immediately attacked his conviction by filing an application for a writ of habeas
corpus that alleged ineffective assistance of counsel. 

 Also, unlike in Williams, Webb unequivocally stated that he would not have
pleaded guilty had he known that he was not eligible for community supervision. See
id. at 658 (reasoning that speculative assertion that defendant "may" not have pleaded
guilty did not show harm). Glover, Webb's trial counsel, did not assert the most
obvious ground for relief, which was the trial court's unlawful granting of community
supervision, and, in its findings of fact, the trial court explicitly stated that if Glover
had raised this ground, it would have granted Webb's motion for new trial. Cf. Speth,
6 S.W.3d at 534 n.10 (noting that trial court abuses its discretion in imposing
unlawful conditions on community supervision). At the hearing on Webb's
application for a writ of habeas corpus, Glover testified that this ground of relief was
not something that came to his mind because he "did not research that aspect of the
law." Glover also conceded that in retrospect and after researching the issue after the
new trial hearing, he would probably have asserted only that one issue as entitling
Webb to a new trial. 

 We hold that Webb has demonstrated that his trial counsel's performance fell
below an objective standard of reasonableness. Cf. Ex parte Welch, 981 S.W.2d 183,
185 (Tex. Crim. App. 1998) (noting that in order for trial counsel to render effective
assistance, counselor "must be sufficiently abreast of developments in criminal law
aspects implicated in the case at hand"). Moreover, Webb has demonstrated that
there is a reasonable probability that the result of the proceeding would have been
different. Accordingly, we further hold that the trial court did not abuse its discretion
in granting Webb's application for a writ of habeas corpus and ordering a new trial.

 We overrule the State's sole point of error. 





Conclusion

 We affirm the order of the trial court.

 

 

 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.


Publish. Tex. R. App. P. 47.2(b). 
1. See Tex. Code Crim. Proc. Ann. art. 11.072, § 8 (Vernon 2005). 
2. Webb v. State, No. 14,692 in the 21st District Court of Washington County, Texas, the
Honorable Terry L. Flenniken presiding.
3. See Tex. Penal Code Ann. § 22.011(a) (Vernon Supp. 2007).
4. See Tex. R. App. P. 25.2(a)(2), (d).
5. Although Webb asserted that the trial court has granted him permission to pursue a
direct appeal, the record does not support the assertion.
6. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(H) (Vernon Supp. 2007).
7. Webb v. State, No. 01-07-00412-CR (Tex. App.--Houston [1st Dist.] filed May 4,
2007). Additionally, we note that Webb filed a "Motion to Transfer Records" from
his direct appeal, cause number 01-07-00412-CR, to the instant case. Webb's motion
is denied.