PD-0181&0182-15

No. _____

IN THE

# COURT OF CRIMINAL APPEALS
OF TEXAS

## BRODERICK LAMOND GAMBLE

### PETITIONER

PETITION ON 02-13-00573-CR AND 02-13-00574-CR FROM
THE SECOND COURT OF APPEALS, FORT WORTH, TEXAS
AND FROM COUNTY CRIMINAL COURT NO. 5, TARRANT COUNTY, TEXAS
TRIAL COURT CAUSE NO. 1289513; 1290398, THE HONORABLE JAMIE GRAYES
CUMMNGS PRESIDING

**PETITION FOR DISCRETIONARY REVIEW**

COFER LAW, P.C.
Cody L. Cofer
State Bar No. 24066643
300 Throckmorton Street, Suite 500
Fort Worth, Texas 76102
Email: ccofer@coferlaw.com
Telephone: (817) 810-9395
Facsimile: (817) 764-7377

*Counsel for Broderick Lamond Gamble,
Petitioner/Appellant/Defendant*

**Oral Argument Requested**

## IDENTITY OF PARTIES AND COUNSEL

**Petitioner:**                              **Petitioner/Defendant's Appellate Counsel:**

Broderick Lamond Gamble          Cofer Law, P.C.
                                              Cody L. Cofer
                                              State Bar No. 24066643
                                              300 Throckmorton Street, Suite 500
                                              Fort Worth, Texas 76102
                                              Email: ccofer@coferlaw.com
                                              Telephone: (817) 810-9395
                                              Facsimile: (817) 764-7377

**State of Texas**                           **State of Texas Appellate Counsel:**

                                              Tarrant County District Attorney
                                              The Honorable Sharen Wilson
                                              State Bar No. 21721200
                                              401 W. Belknap Street
                                              Fort Worth, Texas 76196
                                              Telephone: (817) 884-1687
                                              Facsimile: (817) 884-1672

                                              State Prosecuting Attorney
                                              Lisa C. McMinn
                                              P.O. Box 13046, Capitol Station
                                              Austin, Texas 78711-3046
                                              Telephone: (512) 463-1660
                                              Facsimile: (512) 463-5724
                                              information@spa.texas.gov

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ......................................................... 1

TABLE OF CONTENTS .................................................................................. 2

INDEX OF AUTHORITIES ............................................................................ 3

STATEMENT REGARDING ORAL ARGUMENT ............................................... 4

STATEMENT OF THE CASE ......................................................................... 5

GROUND FOR REVIEW .............................................................................. 7

ARGUMENT ............................................................................................... 8

    A.  THE PRESERVATION OF ERROR REQUIREMENT HINGES ON THE NATURE OF THE RIGHT ALLEGEDLY INFRINGED. ................................................................ 8

    B.  COMMUNITY SUPERVISION MAY IMPLICATE ABSOLUTE RIGHTS OR RIGHTS THAT MUST BE IMPLEMENTED UNLESS EXPRESSLY WAIVED. ................................. 9

    C.  EVEN WELL-INTENTIONED DEVIATION FROM STATUTORY GUIDANCE MAY REQUIRE REVIEW OF UNOBJECTED TO DUE PROCESS VIOLATIONS. ...................... 11

PRAYER ................................................................................................... 12

CERTIFICATE OF COMPLIANCE ................................................................. 13

CERTIFICATE OF SERVICE ........................................................................ 13

APPENDIX ................................................................................................ 14

# INDEX OF AUTHORITIES

**Cases**

*Caddell v. State*, 605 S.W.2d 275 (Tex. Crim. App. 1980) .................................. 10

*Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997) ................................... 9

*Ex parte Doan*, 369 S.W.3d 205 (Tex. Crim. App. 2012) .................................. 10

*Gamble v. State*, No. 02-13-00573-CR, 2015 WL 221108 (Tex. App.—Fort Worth, Jan. 15, 2015) ................................................................ 8, 11

*Grado v. State*, 445 S.W.3d 736 (Tex. Crim. App. 2014) ...................................... 11

*Leonard v. State*, 385 S.W.3d 570 (Tex. Crim. App. 2012) ............................. 10, 11

*Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993) .................................. 8, 9

*Matchett v. State*, 941 S.W.2d 922 (Tex. Crim. App. 1996) ................................... 9

*Morrissey v. Brewer*, 408 U.S. 471 (1972) ................................................ 10

*Speth v. State*, 6 S.W.3d 530 (Tex. Crim. App. 1999) ............................................ 9

**Statutes**

TEX. CODE OF CRIM. PROC. ART. 42.12 ..................................................... 9

**Rules**

TEX. RULE OF APP. PROC. 33.1 ............................................................. 8

**Constitutional Provisions**

TEX. CONST. ART. II § 1 ..................................................................... 11

TEX. CONST. ART. IV § 11A .............................................................. 9, 11

## STATEMENT REGARDING ORAL ARGUMENT

Oral Argument Requested: Because this case presents novel issues this Court has not previously addressed, oral argument would be helpful.

## STATEMENT OF THE CASE

Petitioner was charged by information with violation of protective order. On January 10, 2013 (January Proceedings), Petitioner, the trial court, and State entered into an agreement resembling community supervision. In exchange for Petitioner's plea of "no contest" the trial judge would not enter a finding of guilt for 180 days. If "no offenses [were] reported" within the 180 days, then the State would consent to Petitioner's withdrawal of his plea. Further, Petitioner could enter a plea of "guilty" to a Class C offense of Disorderly Conduct.

On November 15, 2013 (November Proceedings), Petitioner filed a request to withdraw his waiver of a jury trial. The trial court denied the request as untimely. Further, during the November Proceedings Petitioner complained that the plea was illegal and invalid due to being a conditioned or alternative plea. The State admitted computer printouts indicating Petitioner had been *charged* with a new offense. The trial court ignored Petitioner's complaints and imposed a sentence of 90 days county jail.

Without reaching the issue of whether Petitioner was placed on any form of community supervision, the Second Court of Appeals affirmed the trial court's judgment based on waiver of Petitioner's complaints. This petition challenges that holding.

## STATEMENT OF PROCEDURAL HISTORY

The court of appeals handed down 02-13-00573-CR and 02-13-00574-CR on January 15, 2015; and no motion for rehearing was filed.

# GROUND FOR REVIEW

When placed on a form of community supervision not authorized by statute, may an appellant complain for the first time on appeal?

## ARGUMENT

## PETITIONER'S RIGHT TO HAVE THE TRIAL JUDGE TO FOLLOW CONSTITUTIONAL AND STATUTORY LIMITATIONS ON COMMUNITY SUPERVISION WAS NOT FORFEITED.

**A.** **THE PRESERVATION OF ERROR REQUIREMENT HINGES ON THE NATURE OF THE RIGHT ALLEGEDLY INFRINGED.**

The Second Court did not determine whether the trial court "created any form of community supervision." *Gamble v. State*, No. 02-13-00573-CR, 2015 WL 221108, at *7 Note 8 (Tex. App.—Fort Worth, Jan. 15, 2015). Instead, the Second Court relied solely on "waiver" to dispense with Petitioner's complaints. Generally, to preserve error for appellate review one must make a contemporaneous objection. TEX. RULE OF APP. PROC. 33.1. However, the Court in *Marin* identified three categories of rights, and preservation of error in each category is treated differently.

**Category 1-*Marin* Right:** Absolute requirements and prohibitions.

    a. Cannot be lawfully avoided even with partisan consent; and

    b. The merits of a complaint on appeal are not affected by the existence of a waiver or forfeiture at trial.

**Category 2-*Marin* Right:** Rights must be implemented absent expressed waiver.

    a. Waiver must be plainly, freely, and intelligently (sometimes in writing), and always on the record; and

    b. Absent required waiver, failure to implement these rights at trial causes error, which may be urged for the first time on appeal.

**Category 3-*Marin* Right:** Rights only implemented upon request.

    a.  The institutional representative (trial judge) has no duty to enforce forfeitable rights unless requested; and

    b.  Failure to voice objection obviates appellate review.

*Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) *overruled by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997) *abrogated by Matchett v. State*, 941 S.W.2d 922 (Tex. Crim. App. 1996).

Determining the appropriate review is impossible without identifying the species of community supervision (or plea agreement) Petitioner entered into. The Second Court treated all of Petitioner's complaints as though only Category 3-*Marin* Rights were implicated.

**B.    COMMUNITY SUPERVISION MAY IMPLICATE ABSOLUTE RIGHTS OR RIGHTS THAT MUST BE IMPLEMENTED UNLESS EXPRESSLY WAIVED.**

It is true that the granting of community supervision is a privilege, not a right. *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). However, a trial court's power to suspend a sentence is granted by the Texas Constitution. TEX. CONST. ART. IV § 11A. That same power is abridged by the Legislatures prescribed conditions. TEX. CONST. ART. IV § 11A. Presumably, the Legislature prescribes conditions that protect the required due process for those placed on community supervision. *See* TEX. CODE OF CRIM. PROC. ART. 42.12.

It is axiomatic that proceeding to revoke probation threatens deprivation of liberty, so the application of appropriate due process of law is constitutionally required. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). The idea of the due process required has evolved over time. *See Ex parte Doan*, 369 S.W.3d 205, 209 (Tex. Crim. App. 2012) (abandoning a pluralities reliance on *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) as the measure of due process). However, community supervision revocation proceedings are judicial proceedings governed by the rules established to govern judicial proceedings. *Doan*, 369 S.W.3d at 212.

Conditions of probation cannot supplant the trial court's function as a fact-finder or eliminate the appropriate burden of proof. *Leonard v. State*, 385 S.W.3d 570, 583 (Tex. Crim. App. 2012) ("Show no deception" on a polygraph required as a term of community supervision does not provide a basis for admitting unreliable evidence). In our case, the Second Court blessed the prospective waiving of valuable due process rights by affirming revocation based solely on the vague condition requiring no new offenses be *reported* within 180 days. "Reporting" of an offense entails merely an accusation, rather than proof of conduct within Petitioner's control. Like in *Leonard*, Petitioner could be "revoked" based merely on the opinion or, worse yet, the malice of an individual not confronted in court.

**C.** **EVEN WELL-INTENTIONED DEVIATION FROM STATUTORY GUIDANCE MAY REQUIRE REVIEW OF UNOBJECTED TO DUE PROCESS VIOLATIONS.**

The Second Court relied on "analogous precedent" and "persuasive authority" when deciding not to review the merits of Petitioner's complaint. *Gamble v. State*, No. 02-13-00573-CR, 2015 WL 221108, at \*7 (Tex. App.—Fort Worth, Jan. 15, 2015). However, none of the sited authority touches upon the complete abandonment of legislative conditions and protections. *Leonard* better explains the dangers of allowing conditions to supplant the trial court's fact-finding function with another's discretion. *See Leonard v. State*, 385 S.W.3d 570 (Tex. Crim. App. 2012).

Recently, the Court decided that although the parties and the trial court were in agreement about an erroneous minimum sentence, the accused still had the due process right for the trial judge to consider the full range of punishment. *Grado v. State*, 445 S.W.3d 736, 743 (Tex. Crim. App. 2014). Further, this right is a Category 2-*Marin* Right. *Id*. Thus the complaint was not procedurally defaulted. *Id*. The Second Court should have considered the complaints of Petitioner as Category 1 or 2-*Marin* Rights. Instead, complaints of the violation of the trial courts limitations to act within legislatively granted authority was ignored as being waived. TEX. CONST. ART. IV § 11A; TEX. CONST. ART. II § 1.

## PRAYER

Petitioner prays the Court hold that Petitioner's complaints were not waived, and remand his cases (02-13-00573-CR and 02-13-00574-CR) to the Second Court with instruction to review the merits of Petitioner's complaints.

Respectfully submitted by,

Cody L. Cofer
State Bar No. 24066643
COFER LAW, P.C.
300 Throckmorton Street, Suite 500
Fort Worth, Texas 76102
Email: ccofer@coferlaw.com
Telephone: (817) 810-9395
Facsimile: (817) 764-7377
Counsel for Broderick Gamble
Appellant/Defendant

# CERTIFICATE OF COMPLIANCE

Pursuant to Tex. Rule App. Proc. 9.4, I certify the number of words in the "contents included" of this document are 1077.

_____
Cody L. Cofer

# CERTIFICATE OF SERVICE

Pursuant to TEX. R. APP. P. 9.5, I certify that on February 16, 2015, a copy of this petition was sent by facsimile and mail to:

Tarrant County District Attorney
The Honorable Sharen Wilson
State Bar No. 21721200
401 W. Belknap Street
Fort Worth, Texas 76196
Telephone: (817) 884-1687
Facsimile: (817) 884-1672

State Prosecuting Attorney
Lisa C. McMinn
P.O. Box 13046, Capitol Station
Austin, Texas 78711-3046
Email: information@spa.texas.gov
Telephone: (512) 463-1660
Facsimile: (512) 463-5724

_____
Cody L. Cofer

# APPENDIX



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-13-00573-CR**
**NO. 02-13-00574-CR**

BRODERICK LAMOND GAMBLE                    APPELLANT

V.

THE STATE OF TEXAS                                STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY
TRIAL COURT NOS. 1289513, 1290398
------------

## MEMORANDUM OPINION[1]

------------

Through two identical issues raised in both of these appeals, appellant

Broderick Lamond Gamble appeals his Class A misdemeanor convictions for

violating a protective order.[2]  He contends, among other arguments, that the trial

------------

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 25.07(a), (g) (West Supp. 2014); Tex. Code Crim. Proc. Ann. art. 17.292 (West Supp. 2014).

court granted a form of community supervision that the law does not authorize. The State contends that appellant did not preserve his arguments in the trial court, that the trial court did not place appellant on any form of community supervision, and that the proceedings in the trial court were legal and appropriate. Because we hold that appellant forfeited his complaints by not asserting timely objections in the trial court, we affirm.

## Background Facts

In each of two separate cases, the State charged appellant with violating a protective order that an Arlington municipal court had issued in May 2012. Each of the State's charging instruments contained an enhancement paragraph alleging that appellant had been previously convicted of a misdemeanor offense.

In January 2013, appellant and the State entered into a plea bargain agreement. Under the agreement, appellant pled no contest and waived constitutional and statutory rights, including his right to a jury trial. The plea paperwork expressed the parties' agreement as including a term of ninety days' confinement in each case[3] but then contained the following language:

> State will allow [appellant] to withdraw plea after 180 days if no offenses [r]eported and [appellant] will be allowed to plea to Class C for Disorderly Conduct with $100 fine . . . . And ONE of these causes will be . . . [d]ismissed . . . .

---

[3]The plea paperwork in the clerk's records state a handwritten term of ninety days' confinement with a handwritten term of 106 days crossed out. The plea paperwork admitted by the trial court at a later hearing includes only the originally-written 106-day term.

2

Appellant, his counsel, the State's counsel, and the trial court signed the plea paperwork under this language. The trial court, without making a written finding on the plea at that time, recessed the case for six months.[4]

In May 2013, appellant was again arrested for violating a protective order. In early November 2013, appellant, through counsel, filed various motions in one of the cases in apparent anticipation of a trial. But in the middle of that month, following a hearing and pursuant to the terms of the plea bargain, the trial court found appellant guilty of both offenses and imposed concurrent sentences of ninety days' confinement. At the hearing, the trial court admitted, without objection, a document showing that the State filed two criminal cases (a misdemeanor and a felony) against appellant in May 2013 (with offense dates in March 2013 and May 2013). As stated by the trial court, this document was "a printout from what is called the main frame in Tarrant County."[5]

Appellant did not dispute the State's assertion, as indicated in this document, that he had been charged with those offenses and that the offenses remained pending at the time of the trial court's decision to convict and sentence him. But he contended that the trial court should have allowed him to withdraw his pleas; that the pleas were conditional, alternative, against public policy, and

---

[4]Appellant states that the trial court proceeded "as though [it had] accepted the plea agreement."

[5]Appellant concedes on appeal that "[t]wo new cases were filed after [he] entered his plea."

illegal; that the condition in the plea bargain of having "no offenses reported" was unconstitutionally vague, making his pleas involuntary; and that his pleas were improperly induced by the State's offer of allowing him to plea to a Class C misdemeanor if he fulfilled the plea bargain.

On the same day that the trial court found appellant guilty and imposed the sentences, he attempted to withdraw his waiver of the right to a jury trial in both cases. The trial court denied the request as untimely. The court certified appellant's right to appeal,[6] and after he filed an unavailing motion for new trial in which he again contested the voluntariness of his plea, he perfected these appeals.

### The Forfeiture of Appellant's Complaints

In his two issues on appeal, appellant contends that by accepting his plea bargain and recessing proceedings for six months, the trial court placed him on a statutorily-unauthorized and void form of community supervision. He argues that although he did not object to the alleged community supervision when it was imposed, we may review his complaint because the trial court's alleged error

---

[6]The trial court's certifications of appellant's right to appeal state that matters were raised by written motion filed and ruled on before trial. *See* Tex. R. App. P. 25.2(a)(2)(A). We have not located such matters in the clerk's records, but we decline to dismiss the appeals because the trial court expressly gave permission to appeal at the hearing that led to appellant's convictions and sentences. *See* Tex. R. App. P. 25.2(a)(2)(B); *Small v. State*, No. 07-11-00408-CR, 2012 WL 6621315, at *1 (Tex. App.—Amarillo Dec. 19, 2012, no pet.) (mem. op., not designated for publication) (construing the trial court's certification of a right to appeal as implicitly conveying the court's permission to appeal).

4

affects fundamental and constitutional rights. He also contends that because the alleged community supervision was not authorized by the code of criminal procedure,[7] the trial court violated separation of powers principles and his due process rights by imposing it. As to due process, he argues that the trial court violated his rights by not entering an order notifying him of the terms of the alleged community supervision, by not admonishing him of the consequences of violating the alleged community supervision, by not dismissing the charges against him when the court did not proceed to adjudication within the 180-day "probation" period, by not granting him a separate adjudication hearing, by not requiring the State to file a motion to proceed to adjudication, and by determining his guilt "[m]erely on an [a]ccusation." Finally, appellant contends that the "no offenses reported" language in the plea agreement was vague and gave him no notice of any prohibited act.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd); *see also Lozano v. State*, 359 S.W.3d 790, 823 (Tex. App.—Fort Worth 2012, pet. ref'd) ("To be timely, an objection must be

---

[7]*See* Tex. Code Crim. Proc. Ann. art. 42.12 (West Supp. 2014).

5

made as soon as the basis for the objection becomes apparent."). Also, the objection made in the trial court must comport with the argument presented on appeal. *See Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014); *Lozano*, 359 S.W.3d at 823; *Marchbanks v. State*, 341 S.W.3d 559, 565 (Tex. App.—Fort Worth 2011, no pet.) ("An objection preserves only the specific ground cited."). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011).

We should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g). Preservation of error is a systemic requirement. *Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2012). Even constitutional rights may be forfeited through a defendant's failure to raise them in the trial court. *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004) ("Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only, . . . all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with [r]ule 33.1(a).").

In the trial court, appellant failed to raise his complaints that the terms of his plea bargain had created an unauthorized form of community supervision,[8]

---

[8]Appellant did not argue in the trial court that he had been placed on any form of community supervision. While he contended that there was no "statutory

6

that those terms had violated separation of powers principles, or that those terms had deprived him of due process for any of the several reasons that he articulates on appeal. The authority cited by appellant does not demonstrate that these complaints involve systemic requirements or waivable-only rights, and we have not found such authority.[9] Based on analogous precedent from the court of criminal appeals and persuasive authority from other intermediate appellate courts, we conclude that rule of appellate procedure 33.1(a)(1) required appellant to present his complaint about an allegedly unauthorized form of community

basis" for the plea bargain, he premised this contention on the alleged "conditional" nature of the plea, stating, "The only type of [permissible] conditional plea . . . is referenced in the Code of Criminal Procedure [article 44.02]." *See* Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006) (allowing a plea-bargaining defendant to appeal matters that are "raised by written motion filed prior to trial").

Because we hold below that appellant forfeited this complaint, we decline to address whether his plea bargain created any form of community supervision, authorized or not. We also decline to decide appellant's trial-court argument that the plea bargain he entered was invalid because it was "conditional" or "alternative"; he does not raise that argument on appeal. We note, however, that the court of criminal appeals has stated that parties have "great latitude" in crafting complex plea bargains and has approved a plea bargain that was conditioned on a defendant's appearance at a sentencing hearing and his agreement to not commit offenses in a period between entering the agreement and returning for sentencing. *See State v. Moore*, 240 S.W.3d 248, 249, 254–55 (Tex. Crim. App. 2007).

[9]The principal case that appellant relies on to argue that unauthorized probation affects a "fundamental" right is inapposite. In *State v. Dunbar*, the court of criminal appeals held that the State could raise a complaint about an improper order of shock probation for the first time on appeal because the trial court lacked personal jurisdiction over the defendant at the time that the court entered the order. 297 S.W.3d 777, 780–81 (Tex. Crim. App. 2009). It is undisputed that the trial court in this case had personal jurisdiction over appellant at the time that the parties agreed to the plea bargain.

7

supervision in the trial court to preserve such an argument for our consideration. *See* Tex. R. App. P. 33.1(a)(1); *Ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001) (disavowing the notion that an "unlawful grant of probation constitutes an illegal or void sentence");[10] *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999) (stating that the granting of community supervision "does not involve a systemic right or prohibition"), *cert. denied*, 529 U.S. 1088 (2000); *State v. Enriquez*, 47 S.W.3d 177, 179 (Tex. App.—El Paso 2001, no pet.) (holding that the State could not complain for the first time on appeal that a community supervision order was unauthorized); *see also Lewis v. State*, No. 12-11-00314-CR, 2013 WL 839788, at *2–4 (Tex. App.—Tyler Mar. 6, 2013, no pet.) (mem. op., not designated for publication) (citing *Enriquez* and refusing to modify a judgment that included a statutorily-unauthorized grant of community supervision when the State raised the issue for the first time on appeal); *Wiley v. State*, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref'd) (recognizing the court of criminal appeals's holding that "illegal sentences and unauthorized

---

[10]In *Williams*, the court of criminal appeals overruled a prior decision in which the court had held that an unauthorized probation order constituted an illegal sentence that could be complained about for the first time on appeal. *See* 65 S.W.3d at 658 (overruling *Heath v. State*, 817 S.W.2d 335, 339 (Tex. Crim. App. 1991) (plurality op. on reh'g)). *Williams* forecloses appellant's argument that any unauthorized form of probation created a "void" judgment.

probation orders are two different things").[11]  Because he did not, we hold that he forfeited the argument.

Likewise, we conclude that appellant forfeited his separation of powers argument by not raising it in the trial court.  *See* Tex. R. App. P. 33.1(a)(1). While the court of criminal appeals has stated that a "penal statute's . . . compliance with the separation of powers section of our state constitution" is a systemic requirement, *see Henson v. State*, 407 S.W.3d 764, 768 (Tex. Crim. App. 2013), *cert. denied*, 134 S. Ct. 934 (2014),[12] appellant does not contend that a penal statute violated separation of powers but that his own plea bargain did so.  He has not directed us to authority establishing that a fact-specific separation of powers challenge that is unconnected with the validity of legislation may be brought for the first time on appeal.  In contexts other than challenges to the facial validity of penal code provisions, courts have held that separation of

---

[11]While appellant cites a case from the court of criminal appeals for the proposition that the legislature must authorize any form of community supervision, the court there specifically declined to address matters related to error preservation.  *See Busby v. State*, 984 S.W.2d 627, 628 n.3, 629 (Tex. Crim. App. 1998).

[12]Our sister courts have challenged the continuing validity of this statement in light of the court of criminal appeals's decision in *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding that a defendant may not raise a facial challenge to the validity of a statute for the first time on appeal).  *See Moland v. State*, No. 01-10-00869-CR, 2012 WL 403885, at *9 (Tex. App.—Houston [1st Dist.] Feb. 9, 2012, pet. ref'd) (mem. op., not designated for publication) (stating that in *Karenev*, the court "overruled [an] earlier decision . . . in which it held that a separation of powers challenge to a penal statute could be raised for the first time on appeal"); *Wilkerson v. State*, 347 S.W.3d 720, 724 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

powers arguments must be preserved in the trial court.  *See Russell v. State*, No. 02-11-00478-CR, 2013 WL 626983, at *2 (Tex. App.—Fort Worth Feb. 21, 2013, pet. ref'd) (mem. op., not designated for publication); *Boone v. State*, 60 S.W.3d 231, 236 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd), *cert. denied*, 537 U.S. 1006 (2002).

Finally, we conclude that appellant forfeited his due process arguments by not raising them in the trial court.  *See* Tex. R. App. P. 33.1(a)(1); *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) ("[N]umerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review unless properly preserved."); *Holmes v. State*, 380 S.W.3d 307, 308–09 (Tex. App.—Fort Worth 2012, pet. ref'd); *Belt v. State*, 127 S.W.3d 277, 282 (Tex. App.—Fort Worth 2004, no pet.).

Comparing appellant's briefing to his arguments in the trial court, we conclude that the only objection at trial that comports with his arguments on appeal is that the "no offenses reported" language in the plea bargain agreement is unconstitutionally vague.  We will therefore address this argument.  *See Yazdchi*, 428 S.W.3d at 844.

In the trial court, at the time of his sentencing, appellant argued,

> When we look at the language that was written into these two waivers, when it says, if no offenses reported, we believe that the term "reported" is unconstitutionally vague and it was not the intent of [appellant] to merely have an offense reported. . . .  [W]hat if it was a prior offense that took place prior to [the date of appellant's plea] and it was just now reported subsequent?  Would he be in

10

trouble and violate the terms and conditions then? . . . A commission of an offense is something that [appellant] has more control over because he would be in control of himself. And it would be commit no new offense versus having no control over whether someone else reports something. He could be in Canada and someone down here could file a report and under the terms of this written agreement he would still be in violation of the agreement and not eligible for the plea that's written here. And certainly [appellant] would want to exercise his constitutional right to a trial to see if in fact the report was valid or just a phony or faulty report.

Therefore, [appellant's] position was that he would have not under any circumstances agree[d] to just having the mere report of an alleged offense trigger his not being able to have the reduction to a class C.

The trial court, however, indicated that appellant had previously expressed understanding of the condition in his plea bargain, stating,

I will put on the record that when I do these type[s] of pleas I go through my standard questioning with the defendant, his name, what he is charged with, whether he realizes he has the right to waive a jury trial, the fact that he has signed a plea bargain, *[and] if he understands what he signed and agreed to.* In cases like this I go into the fact [that] it's a very unique plea bargain, *[and] if he understands exactly what the plea bargain is, then I ask the defendant if [he] plead[s] guilty or not guilty.* And [in] both of these cases [appellant] pled no contest to each case then I asked him if he pled freely and voluntarily and he stated he did. Then the case was recessed. [Emphasis added.]

We have repeatedly held, in the context of community supervision conditions, that a defendant who does not object to the alleged vagueness or ambiguity of a condition at the time it is imposed forfeits any objection to the condition when it is later enforced. *See Overstreet v. State*, No. 02-12-00361-CR, 2013 WL 2339606, at *3 (Tex. App.—Fort Worth May 30, 2013, no pet.) (mem. op., not designated for publication); *Ogbeide v. State*, Nos. 02-11-00146-

11

CR, 02-11-00147-CR, 2012 WL 3736309, at \*2–3 (Tex. App.—Fort Worth Aug. 30, 2012, no pet.) (mem. op., not designated for publication); *Camacho v. State*, No. 02-03-00032-CR, 2004 WL 362376, at \*1 (Tex. App.—Fort Worth Feb. 26, 2004, no pet.) (mem. op., not designated for publication).

We are convinced that the same principle should apply here. Having agreed in January 2013, with the assistance of counsel, to the "no offenses reported" condition; having confirmed with the trial court that he understood what he had agreed to; and having proceeded under the terms of the plea bargain for several months, apparently anticipating the benefit of the bargain he made, before being charged with another misdemeanor offense in May 2013; we conclude that appellant could not argue for the first time in November 2013 that the condition was vague or ambiguous. *See* Tex. R. App. P. 33.1(a)(1) (requiring a timely objection); *Overstreet*, 2013 WL 2339606, at \*3; *see also Yazdchi*, 428 S.W.3d at 844 (stating that to preserve error, the complaining party "must make the complaint at the earliest possible opportunity"); *Mays v. State*, 318 S.W.3d 368, 388 (Tex. Crim. App. 2010) (establishing that a constitutional vagueness complaint may be forfeited for lack of a timely objection), *cert. denied*, 131 S. Ct. 1606 (2011); *Albritton v. State*, 676 S.W.2d 717, 720 (Tex. App.—Fort Worth 1984, no pet.) (rejecting an appellant's argument that the terms of his community supervision were vague when the appellant testified that he understood the terms when community supervision was imposed).

For all of these reasons, we conclude that appellant did not properly preserve any of his appellate arguments in the trial court.  *See* Tex. R. App. P. 33.1(a)(1).  We therefore overrule both of appellant's issues.

## Conclusion

Having overruled both of appellant's issues, we affirm the trial court's judgments.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; WALKER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 15, 2015